■ In the Matter of DOLORES KRONENBERG, Appellant, v WILLIAM KRONENBERG, Respondent. — Appeal from an order of the Family Court of Ulster County (Elwyn, J.), entered June 13, 1983, which granted respondent's application for a reduction of alimony payable to petitioner. ¶ Petitioner appeals from an order of Family Court which granted respondent's cross petition and modified downward from $100 per week to $50 per week the alimony payable by respondent to petitioner. Family Court appears to have rendered decisions regarding the amount of alimony after the original order which fixed alimony, dated May 19, 1980, and before the order appealed from, but no signed or entered orders reflecting these decisions are found in the record. On this appeal, then, we will subscribe to the position of the parties in Family Court and before us and limit our consideration to whether Family Court properly found a change of circumstances from the time of the original May 19, 1980 order sufficient to warrant a reduction in alimony payable by respondent to petitioner pursuant to the stipulation of the parties, which was incorporated but not merged in said order. ¶ In order to justify a modification of the alimony provisions, a substantial change of circumstances must be shown and the burden of proving such a change rests upon the party seeking the modification (see, e.g., *Miklowitz v Miklowitz,* 79 AD2d 795, mot for lv to app den 53 NY2d 604; *Hickland v Hickland,* 56 AD2d 978, 979). It is also well settled that precedent has little value and the decision to reduce alimony rests on the particular facts of a case and in the discretion of the court (see, e.g., *Butler v Butler,* 50 AD2d 776; *Le Duc v Le Duc,* 14 AD2d 642). Family Court's modification of the alimony provision was predicated upon findings of respondent's decreased income and changed personal relationships and petitioner's increased income. Our review of the record leads us to conclude that respondent's decreased income and changed personal relationships do not warrant downward modification of alimony, and Family Court's adjustment of alimony must be modified accordingly. ¶ Respondent's income decreased by about $4,500 when he failed to seek re-election as Town of Woodstock Councilman and when he earned less than previously or nothing from various real estate activities. Although it is plausible that, as respondent explains, the bad

publicity from respondent's divorce and the poor economic climate of 1981 and 1982 were the reasons for respondent's failure to seek re-election and the loss of real estate income, the record, to which we are bound, is devoid of any explanation in this regard. Thus, respondent has failed to show that his loss of income was unavoidable. "Where the reversal in a spouse's financial condition is brought about by the spouse's own actions or inactions, the court should not grant a downward modification" (*Matter of Doscher v Doscher,* 80 AD2d 945, affd 54 NY2d 655). Accordingly, respondent's loss of income cannot serve as a basis for downward modification. ¶ Similarly, respondent's changed personal relationships do not warrant a reduction in alimony. Despite the decline in income discussed above, there is no evidence that respondent's remarriage has rendered his burden impossible or even difficult to meet, especially when the record reveals that respondent has purchased three new cars in the past three years and has vacationed recently in Greece. Although the Greece vacation was ostensibly financed by respondent's present wife, it, in conjunction with the purchases of the new cars, indicates that the burden placed upon respondent by his present personal relationships is not substantial. Moreover, one of respondent's children for whom he was providing support has attained his majority, so that respondent need no longer pay his support. Accordingly, respondent has failed to show that his current personal relationships constitute a substantial change of circumstances warranting a downward modification of his alimony payments. ¶ Petitioner is now receiving income from having leased the former marital residence, to which she acquired title by paying respondent $5,000 pursuant to the afore-mentioned stipulation, and as mortgagee on property she acquired from her brother and subsequently sold. These income sources provide approximately $800 per month. The record is unclear whether petitioner's ownership and sale of the property which she acquired from her brother were contemplated at the time of the May 19, 1980 order, and we cannot say that Family Court abused its discretion in not concluding that this income to petitioner was anticipated. Furthermore, petitioner has moved from an area where she was receiving income of $3,000 per year as a substitute teacher and, although she apparently relocated to take advantage of better employment opportunities, the record does not indicate the extent, or even the existence, of any job search. Additionally, petitioner testified that she is now living with her sister and contributing $50 per week for household expenses. Thus, her income appears to have increased some $800 per month, but her expenses have increased only $200 per month and that at her own choosing. Considering these circumstances in the context of this case, we conclude that Family Court could have found that petitioner's increased income warranted a modification of alimony from $100 per week to $75 per week. We reject petitioner's claim that she was denied due process, for it was petitioner's decision not to appear at the second hearing date. ¶ Order modified, on the law and the facts, without costs, by reducing the amount to be paid as alimony from $100 a week to $75 a week, and, as so modified, affirmed. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.