■ CHARLES ALTMAN, Individually and as Executor of RONALD ALTMAN, Deceased, et al., Respondents, v RONALD WALLACH, Appellant. — In a medical malpractice action, defendant appeals from (1) an order of the Supreme Court, Westchester County (Buell, J.), entered July 11, 1983, which, after a traverse hearing, held that defendant was properly served with process, granted plaintiffs' motion for leave to enter a default judgment, and directed an assessment of damages and (2) an order of the same court, entered October 6, 1983, which denied defendant's motion for reargument and, in effect, for an order vacating his default in answering and for leave to interpose an answer.

Appeal from so much of the order entered October 6, 1983 as denied reargument dismissed, without costs or disbursements. No appeal lies from an order denying reargument.

Order entered October 6, 1983, insofar as it denied that branch of defendant's motion which, in effect, sought an order vacating his default and leave to interpose an answer reversed,

as a matter of discretion, without costs or disbursements, and that branch of the motion granted to the extent that defendant is granted leave to serve an answer on condition that defendant's attorney personally pays plaintiffs $1,000 and said answer is served, said conditions to be performed within 20 days after service upon defendant's attorney of a copy of the order to be made hereon, with notice of entry. If these conditions are not complied with, then order affirmed insofar as appealed from, with costs.

Order entered July 11, 1983 modified accordingly, and otherwise affirmed, without costs or disbursements.

The issue on traverse was whether or not defendant was personally served with process at his office in Mt. Kisco on August 4, 1982.

The testimony on this issue was conflicting and presented a pure question of credibility which the court resolved in favor of finding service. This determination, made with the opportunity to observe the witnesses' demeanor, is entitled to deference and will not be disturbed (see *Matter of Poggemeyer,* 87 AD2d 822; *Perry v Perry,* 79 AD2d 851).

Under the facts and circumstances of this case, it was error for Special Term to have refused to grant defendant the opportunity to interpose an answer and defend this action on the merits. However, in view of the conduct of counsel, we have imposed an appropriate sanction. Lazer, J. P., Bracken, Weinstein and Niehoff, JJ., concur.