■ LIDIA EPEL, Appellant, v MARIO EPEL, Respondent.—In a matrimonial action in which the parties were divorced by judgment of the Supreme Court, Nassau County, dated March 13, 1985, the plaintiff appeals, as limited by her notice of appeal and brief, from stated portions of an order of the Supreme Court, Nassau County (Christ, J.), dated August 27, 1986, which, *inter alia,* granted that branch of the defendant husband's cross motion which was for a downward modification of his child support payments.

Ordered that the order is modified, as a matter of discretion, by deleting the provision thereof which granted that branch of the defendant husband's cross motion which was for downward modification of his child support payments and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

Where, as here, support obligations have been established by a contractual agreement between the parties which was incorporated but not merged into the parties' divorce judgment, modification with respect to child support provisions is limited; "[a]bsent a showing of an unanticipated and unreasonable change in circumstances, the support provisions of the agreement should not be disturbed" *(see, Matter of Boden v Boden,* 42 NY2d 210, 213). Our review of the record in the instant case reveals that the defendant failed to make such a showing, and therefore it was an abuse of discretion for the trial court to reduce his child support obligation from $900 per month to $500 per month. Initially, we find that the record belies the defendant's claim that he has suffered a sudden, adverse change in his financial circumstances. In any event, the evidence indicates that any adverse changes which may have occurred in the defendant's financial situation were attributable to either the establishment of his new business or the purchase of his cooperative apartment, and were clearly anticipated at the time of entry of the parties' divorce judgment. When the defendant originally agreed in November of 1984 to pay $900 per month in child support, he was well aware that he would be relocating his residence and his place of business; likewise, both the defendant's purchase of his new cooperative apartment as well as the formation of his new business corporation were undertaken subsequent to the settlement stipulation by which the defendant had obligated

himself to pay $900 per month in child support. In this regard, it is well settled that "[w]here the reversal in a spouse's financial condition is brought about by the spouse's own actions or inactions, the court should not grant a downward modification" *(see, Matter of Doscher v Doscher,* 80 AD2d 945, *affd* 54 NY2d 655; *Matter of Moore v Moore,* 115 AD2d 894; *Matter of Kronenberg v Kronenberg,* 101 AD2d 951). Under these circumstances, we conclude that the defendant has failed to meet his burden of showing that he suffered an unanticipated adverse change in his finances since the entry of the judgment due to no fault of his own.

We have reviewed the plaintiff's remaining contentions and find them to be without merit. Thompson, J. P., Brown, Weinstein and Balletta, JJ., concur.