OPINION OF THE COURT
Bernard F. McCaffrey, J.
Motion by defendant wife is determined as hereafter provided.
*101 The cardinal issue to be determined in this matrimonial matter is the criteria to be used by the court in determining an application to, in effect, increase the child support provisions of a stipulation or separation agreement which was incorporated into a judgment by reference prior to the enactment of the Child Support Standards Act (CSSA) (L 1989, ch 567).
It is the defendant mother’s contention that the $450 per month provision for child support as set forth in the 1987 separation agreement is inadequate and that the court should make a provision increasing the child support provisions to at least $740 per month pursuant to the guidelines as set forth in the recently enacted Child Support Standards Act.
At the outset, the court notes that this postjudgment matrimonial matter is probably the forerunner of numerous other similar applications for upward modification of child support which will be brought by other custodial parents who themselves feel similarly aggrieved.
It is apparent from the defendant mother’s moving papers that the catalyst which has brought about this application for an upward modification is the dramatic increase in the amount of money that the plaintiff father would be required to pay for child support in the event the court were to apply the guidelines of CSSA to this application. For not only does the defendant seek the statutory 17% of the plaintiff father’s income of $52,000 per year, or $740 per month, but, in addition thereto, seeks to have the court add an additional amount based upon the assets of the plaintiff father, such as a house in Mineóla and also the income of his current wife.
It should be emphasized that Domestic Relations Law § 240 (1-b) (l) of the CSSA explicitly states, "[i]n any action or proceeding for modification of an order of child support existing prior to the effective date of this paragraph, brought pursuant to this article, the child support standards set forth in this subdivision shall not constitute a change of circumstances warranting modification of such order; provided, however, that where the circumstances warrant modification of such order, such standards may apply.” (Emphasis added.)
Thús, the court notes that the criteria to be utilized by the court in making a determination for a modification of child support provisions incorporated by reference but not merged in a judgment of divorce is the same regardless of whether or not the judgment sought to be modified was entered either *102 before or after the enactment of the Child Support Standards Act.
Therefore, the matrimonial Bar should be aware that sanctions and costs may well be applied in those instances where applications for upward modification of child support provisions in pre-CSSA are not based upon a showing of the required criteria and sufficient facts to warrant such a modification, but, rather have been initiated for purposes of attempting to take monetary advantage of the provisions of the Child Support Standards Act.
The parties to this postjudgment matrimonial proceeding were divorced pursuant to a March 29, 1988 divorce judgment which incorporated, but did not merge, a January 17, 1987 separation agreement.
The aforementioned agreement provides, inter alia, that plaintiff will pay $500 per month for the support of the parties’ infant issue, Kimberly, age 7, until September 1, 1986. Thereafter until the death of either party, plaintiff reaches age 64, or Kimberly becomes emancipated, plaintiff is obligated to pay $450 per month.
At the time defendant was employed as a secretary and, therefore, waived maintenance. However, article VIII (b) states that defendant "represents and acknowledges that she will make all reasonable attempts to become employed and agrees to contribute all of her income to the support of herself and her child.”
In addition, article IX provides that, "[t]he wife acknowledges that the provisions of this agreement for her support and maintenance and for the support and maintenance of the child are fair, adequate and satisfactory to her, and in keeping with her accustomed standard of living and her reasonable requirements, and giving consideration to her own ability to provide for her own support and the support of the child, and having contemplated all her present and future needs and all the present and future needs of the child”.
Less than two years later, however, defendant, age 39, alleges that she became unemployed on or about June 1989 and that since that time she has been unable to obtain a position which will allow her to work between approximately 9:00 a.m. and 3:00 p.m. while her daughter attends school. Prior to becoming unemployed defendant earned a reported annual income of $14,250.
Consequently, she alleges that she has been reduced to *103 surviving on the $450 per month provided by plaintiff and approximately $500 per month in income from an unspecified inheritance she received from her late mother. Defendant apparently has not applied for unemployment compensation.
Relying on the recently enacted Child Support Standards Act, defendant, therefore, seeks an upward modification of child support to 17% of plaintiff’s annual income.
At the time of the agreement plaintiff, a school teacher with the Great Neck North School District, reportedly earned a gross salary of $41,006 per year. Since that time he has remarried and recently purchased a home with his new wife, who allegedly earns $35,000 per year. He alleges that his present salary pursuant to the current collective bargaining agreement is $52,023 per year.
The law is well settled that where, as here, the parties’ support obligations have been established by a contractual agreement between the parties, which was incorporated, but not merged, into their divorce decree, modification with respect to child support is limited to situations involving an unanticipated and unreasonable change in circumstances. (Epel v Epel, 139 AD2d 488 [2d Dept 1988]; Matter of Boden v Boden, 42 NY2d 210, 213.)
This is to be distinguished from the situation where the child’s own right to receive adequate support is being asserted.
"[T]he principles set forth in Boden apply only when the dispute is directed solely to readjusting the respective obligations of the parents to support their child * * *.
"A different situation is presented, however, where it is the child’s right to receive adequate support that is being asserted.” (Matter of Brescia v Fitts, 56 NY2d 132,139.)
Initially, inasmuch as plaintiff’s income has at all times been governed by a collective bargaining agreement, the increase in plaintiff’s income cannot be said to be either unanticipated or unreasonable. While the increased costs of growing children is a further factor for consideration, there is nothing to indicate that they have substantially increased within the approximate two years since the parties’ divorce.
A party’s disability or loss of employment may warrant an increase in support, however, defendant’s wholly conclusory or unsubstantiated allegations that she has been unable to obtain part-time employment for approximately six months is insufficient to justify the relief sought. Nor has defendant established that Kimberly is not being adequately supported *104 on the $450 per month presently being provided. Accordingly, defendant’s application for upward modification of child support is denied.
Pursuant to article VIII (i), upon proof of payment, plaintiff is directed to pay one half of all outstanding unreimbursable medical expenses for the parties’ infant issue.
Defendant’s request for an order directing plaintiff to contribute $150 per month to a trust for the college education of their seven-year-old daughter is denied. Article VIII (g) provides, subject to a variety of conditions, that in the event Kimberly decides she wishes to attend college both parties agree to contribute equally towards that expense. Defendant’s application is, therefore, at best, premature.
Defendant’s final request, for attorney’s fees, is denied.