■ ROBERT VANT, Appellant, v HENRIETTA VANT, Respondent.—In a support proceeding pursuant to Family Court Act article 4, the petitioner appeals from an order of the Family Court, Westchester County (Barone, J.), dated December 15, 1988, which denied his objections to so much of an order of the same court (Miklitsch, H.E.), dated October 19, 1988, as denied his petition for the elimination of of the $60 per week alimony provision of the parties' judgment of divorce.

Ordered that the order is affirmed, with costs.

In order to be entitled to a modification of alimony, the moving party has the burden of demonstrating a substantial change of circumstances *(see, Matter of Kronenberg v Kronenberg,* 101 AD2d 951; *Ardito v Ardito,* 97 AD2d 830). Determining whether a substantial change has occurred and the extent of relief occasioned by such a change are matters addressed to the discretion of the court with each case turning on its particular facts *(see, Matter of Kronenberg v Kronenberg, supra; see also, Chisholm v Chisholm,* 138 AD2d 829, 830). Moreover, where the disposition of a petition for downward modification of alimony rests on an issue of credibility, as here, the determination of the trier of facts is to be accorded great weight *(see generally,* 10 Carmody-Wait 2d, NY Prac § 70:386; *cf., Kaplan v Kaplan,* 78 AD2d 872).

Upon a review of this record, we find no basis for interfering with the Hearing Examiner's conclusions. The record discloses that the petitioner was not candid regarding his financial status. The Hearing Examiner properly discredited the petitioner's testimony that he had borrowed over $300,000 from relatives as no documentary evidence in the form of contemporaneous loan agreements or notes were proffered to substantiate these purported debts. Furthermore, the petitioner admits that he never repaid any principal or interest on the alleged loan. The petitioner is currently residing with his new wife and two adopted children in an unencumbered house, which he purchased in 1984 for $185,000 and paid off the mortgage of $100,000 in three years. He has owned and operated a painting and decorating business in Westchester County since 1960 which has a steady flow of customers and in which he employs his brother as a painter. While the evidence establishes that petitioner suffers from advanced arthritis of the lumbar spine which precludes him from performing manual labor, he is undisputedly not disabled from running his business in an executive capacity, soliciting customers and providing job estimates. In addition to the receipt of the net profits from this business, the petitioner's income has been supplemented with disability benefits from his insurance carrier. While the petitioner insists that his plea of poverty is not contrived *(see, Matter of Porcelain v Porcelain,* 141 AD2d 648), it is noteworthy that he apparently was able to afford to visit a dying relative for approximately one month in Estonia and predicated a request for an adjournment of the hearing upon that visit. Although the 66-year-old respondent's financial position has improved since the divorce, her earnings

are modest and she lives a frugal life-style in an apartment with the parties' mentally retarded daughter. Under the circumstances of this case, the denial of the petitioner's application for the elimination of his alimony obligation was not an improvident exercise of discretion *(cf., Conklin v Conklin,* 90 AD2d 817; *Klein v Klein,* 55 AD2d 885). Thompson, J. P., Rubin, Rosenblatt and Miller, JJ., concur.