■ In the Matter of JAMES P. CORCORAN, as Superintendent of Insurance, as Liquidator of Nassau Insurance Company, Respondent. ARDRA INSURANCE COMPANY, LTD., et al., Appellants.—Order, Supreme Court, New York County (Karla Moskowitz, J.), entered October 10, 1991, which, *inter alia,* granted the cross-motion of the New York State Superintendent of Insurance, in his capacity as Liquidator of Nassau Insurance Company, to confirm the report and recommendation of Judicial Hearing Officer Harry W. Davis in its entirety, unanimously affirmed, with costs.

This proceeding stems from a suit brought by the Liquidator to hold Richard and Jeanne DiLoreto and Ardra Insurance Company, Ltd. in contempt for allegedly violating the order of liquidation. After a traverse hearing was held before a Judicial Hearing Officer (JHO) to determine if the alleged individual contemnors were properly served, the JHO determined that Richard A. DiLoreto was, and that Jeanne S. DiLoreto was not, properly served. The IAS Court (Karla Moskowitz, J.) confirmed the JHO's report in its entirety.

The JHO was in the best position to determine the credibility of the witnesses before him. *(See, Altman v Wallach,* 104 AD2d 391.) Moreover, there is nothing in the record which warrants a reversal of the JHO's determination. While the JHO noted that Richard DiLoreto did not testify at the hearing and that he was not present, this remark was appropriate under the circumstances, and did not constitute the sole basis for the JHO's ultimate determination that Richard DiLoreto was properly served.

The contention that the Liquidator's counsel should not be permitted to represent the Liquidator in these contempt proceedings, since the same law firm is also representing the Liquidator in the civil action of *Curiale v Ardra Ins. Co.* (Index No. 9794/85), is without merit. No statutory or common law prohibition against such representation exists. Concur—Sullivan, J. P., Milonas, Kupferman, Kassal and Smith, JJ.