■ SHEILA STEMPLER, Respondent, v KENNETH STEMPLER, Appellant. [607 NYS2d 111] —In a matrimonial action in which the parties were divorced by a judgment dated March 3, 1987, the defendant appeals, as limited by his brief, from stated portions of an order and judgment (one paper) of the Supreme Court, Westchester County (Donovan, J.), entered December 13, 1990, which, inter alia, (1) granted those branches of the plaintiff's motion which were for maintenance and child support arrears and to hold the defendant in contempt, and (2) denied his cross-motion for a downward modification of child support and maintenance.

Ordered that the order and judgment is modified by deleting the second, third, fourth, fifteenth, sixteenth, seventeenth, eighteenth, nineteenth, twentieth, and twenty-first decretal

paragraphs thereof; as so modified the judgment is affirmed insofar as appealed from, with costs to the plaintiff, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings in accordance herewith.

Based on the record before us, we cannot say that the Supreme Court improvidently exercised its discretion in denying the defendant's motion for a downward modification of child support and maintenance. A determination of a substantial change of circumstances is a matter "addressed to the discretion of the [trial] court with each case turning on its particular facts" *(Matter of King v King,* 193 AD2d 800, 801, citing *Matter of Kronenberg v Kronenberg,* 101 AD2d 951). Furthermore, as in the case before us, when the request for a downward modification of child support and maintenance depends on the credibility of the movant, " 'the determination of the trier of facts is to be accorded great weight' " *(Matter of King v King, supra,* at 801, quoting *Vant v Vant,* 161 AD2d 636, 637). There is ample evidence in the record that the alleged reversal of the defendant's financial condition was created by his decision to abandon the practice of law and engage in real estate speculation and development *(see, Hickland v Hickland,* 39 NY2d 1, *cert denied* 429 US 941). Under these circumstances, and because there is no evidence in the record that the defendant "made a good faith effort to obtain employment commensurate with his qualifications and experience" *(Matter of Davis v Davis,* 197 AD2d 622, 623), it was proper for the Supreme Court to deny his application for a downward modification of child support and maintenance.

It was improper for the Supreme Court to order the defendant to transfer 10 shares of his Cedar Hills Properties Corporation stock to the plaintiff. It is uncontroverted that this asset is not marital property since the defendant did not obtain it until after the commencement of the divorce action *(see, Lennon v Lennon,* 124 AD2d 788). Thus, those provisions in the order and judgment which relate to the transfer of the Cedar Hills Properties Corporation stock must be deleted.

The Supreme Court found the defendant in contempt of court pursuant to Judiciary Law § 753 because of his failure to comply with its earlier orders. The court, however, failed to find expressly that the defendant's actions were " 'calculated to or actually did defeat, impair, impede or prejudice the [plaintiff's] rights or remedies' " *(Federal Deposit Ins. Corp. v Richman,* 98 AD2d 790, 792, quoting Judiciary Law § 770; *see also, Quantum Heating Servs. v Austern,* 100 AD2d 843). Thus,

this case must be remitted to the Supreme Court for the proper findings to be made.

Furthermore, the court ordered that the defendant be imprisoned, apparently because of his consistent failure to comply with its orders regarding maintenance and child support. Although we share the Supreme Court's outrage at the defendant's flouting of its orders, he must be given an opportunity to perform that act *(i.e.,* the payment of arrears) which is still within his power to perform *(see, Wides v Wides,* 96 AD2d 592). Thus, any term of imprisonment must be conditioned upon the defendant's failure to pay all arrears within a specified time *(see, Edwards v Edwards,* 122 AD2d 18).

We have examined the defendant's remaining contentions and find them to be without merit. Mangano, P. J., Balletta, Santucci and Hart, JJ., concur.