■ STEVEN J. FELD, Appellant-Respondent, v JUDITH W.

FELD, Respondent-Appellant. [625 NYS2d 365] —Spain, J. Cross appeals (transferred to this Court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Nicolai, J.), entered May 11, 1993 in Westchester County, which, *inter alia,* partially granted plaintiff's motion for a downward modification of child support.

The parties were divorced in 1989; plaintiff's child support obligation was established at $1,000 per month in a stipulation of settlement which was incorporated but not merged into the judgment of divorce. According to the stipulation, plaintiff agreed to pay a cost of living increase in child support each year and defendant waived maintenance and retained the marital dwelling. Plaintiff retained full ownership of a seat on the American Stock Exchange (hereinafter the seat) and the parties' cooperative apartment (hereinafter the coop).

At the time of the 1989 stipulation and divorce, plaintiff was employed as a personnel recruiter; he earned $24,087 in wages and $33,600 in rental income from the seat. In 1990 plaintiff sold the coop and voluntarily left his job as a recruiter and took a position at a newspaper; that year he earned $21,876 in wages and $25,743 in rental income. His Federal tax return reveals that in 1990 he realized a $66,480 capital gain from the sale of the coop. The following year (1991) plaintiff earned $14,741 in wages, $12,594 in rental income from the seat and $22,218 in profits realized from a securities trading account largely funded with proceeds from the sale of the coop.

In March 1992 plaintiff made the instant motion for a downward modification of child support, alleging a substantial decrease in his income derived from employment and the rental of the seat. Defendant opposed the motion and cross-moved for, *inter alia,* a judgment for arrears based upon (1) plaintiff's failure to pay the agreed-upon amount of child support after March 1992, and (2) the child support cost of living increase as set forth in the stipulation.

In August 1992 Supreme Court held a hearing on the motions. Just prior to the hearing, plaintiff sold the seat for $100,000.[1] At the time of the hearing, plaintiff's wages were $480 per week or $24,960 annually. Supreme Court partially granted plaintiff's motion for a downward modification to $700 per month and denied defendant's cross motion for arrears. Both parties have appealed.

---

1. In 1987, two years before the stipulation and divorce, the seat was worth $433,000; in 1988 its worth had declined to $235,000.

We conclude that Supreme Court erred in reducing plaintiff's child support obligation. Plaintiff failed to meet his burden of establishing his entitlement to a downward modification. A child support obligation based upon a separation agreement incorporated but not merged with a judgment of divorce may be modified where there is a substantial, unanticipated and unreasonable change in circumstances since the entry of the judgment *(see, Ruggerio v Ruggerio,* 173 AD2d 595, 597; *Epel v Epel,* 139 AD2d 488).

Supreme Court granted plaintiff's motion for a reduction after finding that his annual income from wages and the rental of the seat at the time of his application in March 1992 was less than half of what it had been at the time the parties entered into the stipulation, i.e., $57,687 from these two sources in 1989 had declined to $27,335 at the end of 1991. Although plaintiff's wages decreased from $24,087 per year in 1989 to $18,928 at the time of his application, his annual wage at the newspaper actually increased to $24,960 by August 1992, the time Supreme Court held the hearing. Plaintiff experienced a modest decline in income while working for the newspaper during the period leading up to his application; however, it is significant that he voluntarily left his job as a recruiter. The change in his financial condition resulting from his voluntary change in employment cannot be the basis for a downward modification *(see, Matter of Allen v Bowen,* 149 AD2d 828; *Epel v Epel, supra,* at 489).

Supreme Court improperly failed to take into consideration the $22,218 in income generated in 1991 from plaintiff's investment of the moneys he realized from his sale of the coop. Those trading profits, which he made no mention of in his motion for a reduction in his child support obligation, should have been taken into account when determining whether there had been a substantial change in plaintiff's financial circumstances. Although Supreme Court correctly discounted the actual capital gain resulting from his sale of the coop, there is no clear reason why the substantial profits realized in 1991 from his investment of those funds were discounted. At best, plaintiff demonstrated that he suffered a modest fluctuation in adjusted gross income during the relevant period *(see, Anonymous C. v Anonymous V.,* 180 AD2d 457, 458; *cf., McSparron v McSparron,* 209 AD2d 835; *Matter of Preischel v Preischel,* 193 AD2d 1118). Supreme Court properly held that plaintiff's sale of the seat was a voluntary divesture *(see, Alfano v Alfano,* 151 AD2d 530; *Epel v Epel, supra,* at 498). Because the value of the seat was rapidly

declining during the period leading up to the parties' stipulation, plaintiff should have anticipated a continuing decline in the value of the seat, as well as a decline in the rental income that could be derived therefrom (see, Dunlap v Dunlap, 193 AD2d 1025, 1026).

Defendant's assertion in her cross motion that she is entitled to arrears based upon the cost of living formula[2] in the stipulation is without merit. For the years 1989 and 1990, defendant was not entitled to a cost of living increase because plaintiff's gross income did not increase; the lesser of the two measures in the formula being zero. As for 1991, although there was an increase in plaintiff's gross income, as well as a likely increase in the consumer price index, the annual calculation by defendant was not scheduled to be made until after June 1, 1992, which was subsequent to defendant's cross motion.[3]

We have considered defendant's remaining contentions and find them to be without merit.

Mercure, J. P., White, Casey and Peters, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as partially granted plaintiff's motion; said motion denied in its entirety; and, as so modified, affirmed.

---

2. The cost of living provision in the stipulation is as follows:

"[Plaintiff] agrees that he shall pay each year the lesser of his increase in gross income, if any, and the cost of living index as and for an increase, if any, in child support.

"On June 1 of each year hereafter, until the emancipation of the children, [plaintiff] shall forward to [defendant] a copy of his federal income tax return.

"[Defendant] shall then calculate the increase, if any, based upon the cost of living index for the northern region issued by the Department of Labor. The base year shall be June 1, 1989.

"The increase, if any, shall be paid by [plaintiff] to [defendant] in 12 monthly installments in the forthcoming year."

3. It should be noted that there is not sufficient information in the record to calculate a cost of living increase, if any, for 1991.