■ In the Matter of SYLVIE J., Appellant. ELLEN B. TABOR, Respondent. [650 NYS2d 607] —In a proceeding for authorization for the involuntary administration of medication, the appeal is from an order of the Supreme Court, Kings County (Schneier, J.), dated June 25, 1996, which, after a hearing, granted the application.

Ordered that the appeal is dismissed as academic, without costs or disbursements.

The discharge of the appellant Sylvie J. from the petitioner-hospital during the pendency of this appeal renders the issues raised herein moot and, therefore, not subject to review (see, Matter of David C., 69 NY2d 796; Matter of Hearst Corp. v Clyne, 50 NY2d 707). Further, on the record before this Court, review is not warranted pursuant to any exceptions to the mootness doctrine (see, Matter of Hearst Corp. v Clyne, supra). O'Brien, J. P., Ritter, Sullivan and Luciano, JJ., concur.

■ In the Matter of EILEEN KELLER, Respondent, v LEONARD KELLER, Appellant. [650 NYS2d 594] —In a support proceeding pursuant to Family Court Act article 4, the petitioner husband appeals from an order of the Family Court, Kings County (Greenbaum, J.), dated November 28, 1994, which denied his objections to an order of the same court (Adams, H.E.), entered August 12, 1994, which, after a hearing, denied his petition for the elimination or downward modification of his alimony obligation.

Ordered that the order is affirmed, without costs or disbursements.

In order to establish entitlement to a modification of alimony, the movant must demonstrate that a substantial change in circumstances has occurred (see, e.g., Matter of Ross v Dittmar, 229 AD2d 396; Matter of Zaccagnino v Sisca, 223 AD2d 546; Vant v Vant, 161 AD2d 636). Contrary to the petitioner's contentions, we conclude that he failed to establish a substantial change in circumstances warranting an elimination or downward modification of his alimony obligation (see, e.g., Matter of Ross v Dittmar, supra; Matter of Zaccagnino v Sisca, supra; Vant v Vant, supra; Sofia v Sofia, 162 AD2d 594; Petraglia v Petraglia, 110 AD2d 760). O'Brien, J. P., Thompson, Joy and Goldstein, JJ., concur.