■ In the Matter of Thomas Catterson, Appellant, v Elsie Catterson, Respondent. [652 NYS2d 89] —In a support proceeding pursuant to Family Court Act article 4, the petitioner appeals from an order of the Family Court, Suffolk County (Dunn, J.), entered January 29, 1996, which denied his objections to an order of the same court (Lynaugh, H.E.), entered December 4, 1995, denying his petition for a downward modification of maintenance.

Ordered that the order is affirmed, without costs or disbursements.

The Hearing Examiner's determination is supported by the credible evidence and a different determination is not warranted (*see, Matter of Nankervis v Nankervis,* 174 AD2d 674). When a downward modification of maintenance rests upon, in part, the credibility of the petitioner, the determination of the trier of facts is accorded great weight (*see, Stempler v Stempler,* 200 AD2d 733; *Matter of King v King,* 193 AD2d 800, 801; *Vant v Vant,* 161 AD2d 636, 637; *Matter of Kronenberg v Kronenberg,* 101 AD2d 951). The alleged reversal of the petitioner's financial condition was created by his decision to transfer the ownership of his insurance business to his present wife and claim unemployment (*see, Hickland v Hickland,* 39 NY2d 1,

*cert denied* 429 US 941; *Stempler v Stempler, supra,* at 734). Under these circumstances, and because there is no evidence in the record that the petitioner "made a good faith effort to obtain employment commensurate with his qualifications and experience" (*Matter of Davis v Davis,* 197 AD2d 622, 623), it was proper for the Hearing Examiner to deny his application for a downward modification of maintenance. Bracken, J. P., Copertino, Joy, Florio and McGinity, JJ., concur.