■ In the Matter of SHARON ROTH, Respondent, v RICHARD W. BOWMAN, Appellant. [656 NYS2d 730] —In a support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Suffolk County (Freundlich, J.), entered January 23, 1996, which denied his objections to an order of the same court (Ekadis, H.E.), entered October 11, 1995, which, *inter alia*, denied his application for a downward modification of child support.

Ordered that the order is affirmed, with costs.

The Family Court did not improvidently exercise its discretion in denying the respondent's objections to the order which, *inter alia*, denied his application for a downward modification of child support. A prior order of child support may be modified upon a showing of a substantial change in circumstances (*see*, Domestic Relations Law § 236 [B] [9] [b]). It is the burden of the moving party to establish the change in circumstances warranting the modification (*see, Rosen v Rosen*, 193 AD2d 661, 662; *Carr v Carr*, 187 AD2d 407, 408). A determination of a substantial change of circumstances is a matter "addressed to the discretion of the court with each case turning on its particular facts" (*Matter of King v King*, 193 AD2d 800, 801; *see, Stempler v Stempler*, 200 AD2d 733, 734; *Matter of Kronenberg v Kronenberg*, 101 AD2d 951). Furthermore, when a request for downward modification of child support depends on the credibility of the movant, the determination of the trier of facts is to be accorded great weight (*see, Stempler v Stempler, supra; Matter of King v King, supra; Vant v Vant*, 161 AD2d 636, 637).

Here, the Family Court properly concluded that there was no basis in the record for interference with the Hearing Examiner's conclusions. Bracken, J. P., O'Brien, Krausman and Goldstein, JJ., concur.