(August 18, 1997)

■ MADELINE ADINOLFI, Respondent-Appellant, v SALVATORE ADINOLFI, Appellant-Respondent. [661 NYS2d 985] —In a matrimonial action in which the parties were divorced by judgment dated July 17, 1991, the defendant former husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Imperato, J.H.O.), dated July 5, 1996, as denied that branch of his motion which was to modify the judgment of divorce by reducing the amount of his child support obligation, and the plaintiff former wife cross-appeals from the same order.

Ordered that the cross appeal is dismissed as abandoned, without costs or disbursements; and it is further,

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

On May 20, 1991, the parties entered into a separation agreement which included provisions defining their rights and obligations with respect to child custody and support. The terms of the agreement were subsequently incorporated but not merged in the judgment of divorce. In 1993, the defendant moved to modify the judgment, *inter alia*, by reducing his child support obligations.

The Judicial Hearing Officer (hereinafter JHO) properly denied that branch of the defendant's motion which was for downward modification of his child support obligation inasmuch as it was predicated on a change of circumstances due to his voluntary change of employment (see, *Feld v Feld*, 214 AD2d 884; *Epel v Epel*, 139 AD2d 488). Furthermore, the request for downward modification depended largely on the credibility of

the defendant. The JHO's determination that the relevant parts of the defendant's testimony lacked credibility is entitled to great weight (*see, Matter of Roth v Bowman*, 237 AD2d 447; *Matter of King v King*, 193 AD2d 800). O'Brien, J. P., Sullivan, Goldstein and Luciano, JJ., concur.