■ In the Matter of CLELLE HARGROVE, Respondent, v GEORGE FRAZIER, Appellant. [664 NYS2d 924] —In a child support

proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Kings County (McLeod, J.), dated March 28, 1996, which denied his objections to an order of the same court (Spegele, H.E.), dated August 10, 1995, which, *inter alia*, denied his petition for a downward modification of child support.

Ordered that the order is affirmed, without costs or disbursements.

An order of child support may be modified upon a showing of a substantial change in circumstances (*see,* Domestic Relations Law § 236 [B] [9] [b]). However, it is the burden of the moving party to establish the substantial change in circumstances warranting the modification (*see, Matter of Heverin v Sackel,* 239 AD2d 418; *Matter of Roth v Bowman,* 237 AD2d 447; *Matter of Catterson v Catterson,* 235 AD2d 420). In addition, such a determination of a substantial change in circumstances is a matter "addressed to the discretion of the court with each case turning on its particular facts" (*Matter of King v King,* 193 AD2d 800, 801; *see also, Stempler v Stempler,* 200 AD2d 733, 734). When a request for downward modification of child support depends on the credibility of the movant, the determination of the trier of facts is to be accorded great weight (*see, Matter of Roth v Bowman, supra; Matter of Catterson v Catterson, supra; Stempler v Stempler, supra*).

Applying these principles to the facts of this case, it is clear that the father did not establish a substantial change of circumstance (*see, Matter of Heverin v Sackel, supra*). Here, the Family Court properly concluded that there was no basis in the record for interference with the Hearing Examiner's conclusions. Miller, J. P., Florio, McGinity and Luciano, JJ., concur.