■ JOHN ERIC JACOBY, M.D., P. C., Respondent, v LOPER ASSOCIATES, INC., Appellant. [670 NYS2d 912] —In an action to re-

cover damages for breach of a lease and wrongful eviction, the defendant appeals from (1) an order of the Supreme Court, Westchester County (Silverman, J.), dated May 28, 1996, which, upon the plaintiff's motion for partial summary judgment and the defendant's cross motion for summary judgment, directed a hearing to resolve the issue of whether the plaintiff's payment of rent arrears was voluntary, (2) a decision of the same court (Wood, J.H.O.), dated March 5, 1997, (3) an order of the same court (Silverman, J.), dated April 14, 1997, which, *inter alia*, granted the plaintiff's motion for partial summary judgment, and (4) a judgment of the same court (Silverman, J.), also dated April 14, 1997, which awarded the plaintiff the principal sum of $20,883.50.

Ordered that the appeal from the order dated May 28, 1996, is dismissed; and it is further,

Ordered that the appeal from the decision dated March 5, 1997, is dismissed, as no appeal lies from a decision (*see, Schicchi v Green Constr. Corp.*, 100 AD2d 509); and it is further,

Ordered that the appeal from the order dated April 14, 1997, is dismissed; and it is further,

Ordered that the judgment dated April 14, 1997, is affirmed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The order dated May 28, 1996, which directs a judicial hearing to aid in the disposition of the parties' motions, does not decide the motions and does not affect a substantial right (*see,* CPLR 5701 [a] [2] [v]), and is, therefore, not appealable as of right.

The appeal from the intermediate order dated April 14, 1997, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho*, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

On the plaintiff's motion for partial summary judgment, the court directed an immediate hearing before Judicial Hearing Officer Wood on the issue of whether the plaintiff's payment of rent arrears was voluntary. The defendant made no objection to the directed hearing, and fully participated in it. Therefore, the parties charted their own course of procedure and the defendant may not now complain (*see, Matter of Greenwald v Codd*, 54 AD2d 626; *Winter v Leigh-Mannell*, 51 AD2d 1012).

The defendant's contention that the Judicial Hearing Of-

ficer's factual finding regarding the voluntariness of the plaintiff's payment of rent arrears to the Deputy Marshal of the City of Yonkers was erroneous is without merit. It is well established that issues regarding credibility and the weight of the evidence are primarily matters to be determined by the finder of fact, to which great deference is accorded, as it had the opportunity to view the witnesses, hear their testimony, and observe their demeanor (*see, Adinolfi v Adinolfi*, 242 AD2d 311; *Altman v Wallach*, 104 AD2d 391, 392). Here, the alleged inconsistency in the evidence comprised a matter that was properly for the Judicial Hearing Officer, sitting as the finder of fact, to resolve (*see, Matter of Corcoran [Ardra Ins. Co.]*, 176 AD2d 508). Inasmuch as it cannot be said that the Judicial Hearing Officer's finding was clearly unsupported by the record, we decline to disturb it on appeal.

Further, the defendant was not deprived of the opportunity for discovery. While CPLR 3101 (a) provides that there "shall be full disclosure of all evidence material and necessary to the prosecution or defense of an action", CPLR 3214 (b) imposes a stay on disclosure when, as here, a motion is made under CPLR 3212. Although the stay is automatic, a court can direct otherwise. Thus, if there were any legitimate need for discovery, the defendant could and should have requested it in its opposing papers responding to the plaintiff's motion for partial summary judgment. Moreover, the defendant has failed to demonstrate that it made any reasonable effort to obtain discovery during the approximately two and one-half years between joinder of issue and the plaintiff's motion (*see, Delaney v Good Samaritan Hosp.*, 204 AD2d 678, 679; *Rodriguez v City of New York*, 144 AD2d 352, 354).

We have considered the defendant's remaining contentions and find them to be without merit. Copertino, J. P., Pizzuto, Santucci and Krausman, JJ., concur.