■ CHARLES GUNN, Appellant, v INGEGERD GUNN, Respondent. [689 NYS2d 194] —In an action for a divorce and ancillary relief, the plaintiff husband appeals from three orders of the Supreme Court, Nassau County (DiNoto, J.), all dated December 11, 1997, which (1) granted the defendant wife's motion pursuant to Domestic Relations Law § 244 for leave to enter a judgment against him in the amount of $39,760 for child support and maintenance arrears from May 12, 1992, through August 29, 1997, (2), after a hearing, denied his motion for termination, cancellation, or modification of prior orders and a judgment of the court directing the payment of child support and maintenance, and adjudged him to be in contempt of court for his "willful, wrongful, and conscientious refusal" to comply with the aforesaid orders and judgments, and (3) committed

him to the Common Jail of the County of Nassau until he has paid the sum of $98,000, representing arrears in maintenance and child support.

Ordered that on the Court's own motion, the appellant's notice of appeal from the order which committed him to the Common Jail of the County of Nassau, is treated as an application for leave to appeal, and leave to appeal is granted (*see,* CPLR 5701 [c]); and it is further,

Ordered that the orders are affirmed, without costs or disbursements.

The plaintiff husband's motion for termination, cancellation, or modification of prior orders and a judgment of the Supreme Court, Nassau County, directing the payment of child support and maintenance was properly denied. The husband's claim that he was impoverished and unable to find work for the five-year period relevant to his motion presented a credibility issue, the resolution of which by the trier of fact is accorded great deference (*see, Adinolfi v Adinolfi,* 242 AD2d 311; *Stempler v Stempler,* 200 AD2d 733; *Matter of King v King,* 193 AD2d 800). The court's determination that the husband's unemployment was self-imposed in order to avoid his child support and maintenance obligations is supported by the record (*see, Matter of Boden v Boden,* 42 NY2d 210; *cf., Matter of Beck v Beck,* 228 AD2d 672). Although the husband claimed that he had unsuccessfully sought employment, his claim is not supported by the record. Moreover, he admitted that he could and would be employed but for his being "embroiled in all this legal harangue".

The court's determination that the husband willfully failed to comply with the orders and judgment directing the payment of child support and maintenance is also supported by the record. The court therefore properly found him to be in contempt of court and committed him to jail both upon his failure to purge himself of contempt pursuant to an order of the same court entered February 7, 1995, and his "willful, wrongful, and conscientous refusal" to comply with prior orders and a judgment directing the payment of child support and maintenance despite his ability to do so. Contrary to the husband's contention, the court correctly calculated the amount of arrears at $98,000, based upon outstanding orders and a judgment that the wife had sought to enforce.

The husband's remaining contentions are without merit. Ritter, J. P., Friedmann, McGinity and Smith, JJ., concur.