■ In the Matter of CHARLES MUSUMECI, Appellant, v STACEY MUSUMECI, Respondent. (Proceeding No. 1.) In the Matter of STACEY I. MUSUMECI, Respondent, v CHARLES MUSUMECI, Appellant. (Proceeding No. 2.) [744 NYS2d 440] —In consolidated child support proceedings pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Suffolk County (Dounias, J.), entered June 15, 2001, which denied his objections to an order of the same court (Plosky, H.E.), entered March 12, 2001, which, after a hearing, inter alia, denied his petition and application, respectively, for downward modification of his child support obligation.

Ordered that the order is affirmed, without costs or disbursements.

The Family Court providently exercised its discretion in denying the father's objections to the order of the hearing examiner, which denied his petition and application, respectively, for downward modification of his child support obligation. Although a petition for downward modification of child support may be granted when a party loses his or her job, it may be denied when the moving party has not made a good faith effort to obtain employment commensurate with his or her qualifications (see *Matter of Heverin v Sackel,* 239 AD2d 418; *Matter of Yepes v Fichera,* 230 AD2d 803). When a request for downward modification depends on the credibility of the movant, the determination of the trier of facts should be accorded great weight (see *Matter of Hargrove v Frazier,* 242 AD2d 723; *Adinolfi v Adinolfi,* 242 AD2d 311). The record supports the hearing examiner's determination that the evidence was insufficient to establish that the father used his best efforts to obtain a new position commensurate with his education and skills. Therefore, he was not entitled to a downward modification of his child support obligation (see *Heverin v Sackel, supra*).

The father's remaining contention is without merit. Santucci, J.P., Florio, Smith and Schmidt, JJ., concur.