Judgment of foreclosure and sale, New York County (Eileen Rakower, J.), entered April 17, 2013, bringing up for review an order, same court and Justice, entered April 10, 2013, which, to the extent appealed from as limited by the briefs, following a traverse hearing, denied defendants-appellants’ motion to dismiss the complaint for lack of jurisdiction, unanimously affirmed, with costs. Appeal from the above order unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Service upon the doorman of defendants’ apartment building was proper under CPLR 308 (2), given that the process server was denied access to defendants’ apartment (see F.I. duPont, Glore Forgan & Co. v Chen, 41 NY2d 794, 797-798 [1977]). The court credited the process server’s testimony that the doorman denied access to defendants’ apartment, and matters of credibility are best determined by the motion court (see Matter of Corcoran [Ardra Ins. Co.], 176 AD2d 508, 508 [1st Dept 1991]).
*509 The motion court providently exercised its discretion to deny defendants’ request to admit the doorman’s logbook into evidence (see Montes v New York City Tr. Auth., 46 AD3d 121, 123 [1st Dept 2007]). In any event, even if the court erred, the error was harmless in light of the court’s credibility determinations, which are supported by the record.
Concur—Sweeny, J.P., Renwick, Saxe, Freedman and Richter, JJ.