OPINION OF THE COURT
Memorandum.
Ordered that the order entered September 30, 2014 is affirmed, without costs; and it is further ordered that the order entered February 27, 2015 is modified by vacating so much thereof as denied defendant’s motion to compel discovery; as so modified, the order is affirmed, without costs, and the matter is remitted to the Civil Court for a new determination of defendant’s motion to compel discovery in accordance with the decision herein.
In this action to recover damages for defamation, the endorsed complaint failed to specify the allegedly defamatory statements made by defendant. After defendant served his answer, he moved pursuant to CPLR 3211 to dismiss the complaint as time-barred under CPLR 215 (3). Plaintiffs did not submit written opposition papers to defendant’s motion. By order entered September 30, 2014, the Civil Court (Carmen R. Velasquez, J.), after a hearing, denied defendant’s motion, finding that defendant’s alleged defamatory statements were continuing occurrences and, thus, the action was not time-barred.
On October 3, 2014, defendant served plaintiffs with a demand for disclosure which, among other things, requested *4 that plaintiffs provide the particular words complained of which allegedly constituted defamation and the dates the statements were made. On December 10, 2014, defendant filed a motion for summary judgment dismissing the complaint. By a subsequent motion filed on December 23, 2014, defendant moved for an order pursuant to CPLR 3124 to compel plaintiffs to provide discovery. In a single order entered February 27, 2015, the Civil Court (Larry Love, J.) denied both of defendant’s motions. With respect to defendant’s motion for summary judgment, the court found that defendant had waived the statute of limitations defense pursuant to CPLR 3211 (e) since defendant had failed to raise the defense by either a pre-answer motion or in the responsive pleading. With respect to defendant’s motion to compel discovery, the court found that defendant’s summary judgment motion had stayed disclosure, pursuant to CPLR 3214 (b), until the determination of the motion.
On appeal, defendant asserts that his CPLR 3211 motion should have been granted. He further contends, among other things, that his motion for summary judgment should have been granted and the defamation action dismissed because plaintiffs failed to “produce details of the basis to their claim of libel and slander for $25,000 in damages.” In the alternative, defendant argues that the Civil Court should have granted his motion to compel discovery.
With respect to the order entered September 30, 2014, we find that the Civil Court properly denied defendant’s CPLR 3211 motion to dismiss the complaint as time-barred under CPLR 215 (3). Defendant’s statute of limitations defense pursuant to CPLR 3211 (a) (5) was waived pursuant to CPLR 3211 (e), since defendant had failed to raise the statute of limitations defense by either a pre-answer motion or in the responsive pleading. In any event, the motion was properly denied on the ground that the defamatory statements made by defendant were alleged to be a continuing occurrence based on republication and therefore not precluded by the one-year statute of limitations for libel and slander.
With respect to the order entered February 27, 2015, we find that the Civil Court properly denied defendant’s motion for summary judgment, as defendant failed to make a prima facie showing of entitlement to judgment as a matter of law.
CPLR 3016 (a) provides in pertinent part: “(a) Libel or slander. In an action for libel or slander, the particular words complained of shall be set forth in the complaint, but their ap *5 plication to the plaintiff may be stated generally.” In a defamation action, the issue of whether particular words are defamatory presents a question of law for the trial court to resolve in the first instance (see Aronson v Wiersma, 65 NY2d 592, 593-594 [1985]). The particular words must be construed in the context of the entire publication as a whole, interpreted based on the understanding of the average reader, and if not reasonably susceptible of a defamatory meaning, then the words are not actionable (see Aronson v Wiersma, 65 NY2d at 593-594). However, here it was premature for the Civil Court to make a determination under Aronson of “whether particular words are defamatory,” as defendant’s allegedly defamatory words have not been set forth by either of the parties. Defendant does not shift the burden to plaintiffs merely by saying that whatever the words are that plaintiffs are claiming, they are not defamatory.
In the instant matter, plaintiffs filed an endorsed complaint. Under CCA 903, the pleading requirements of a formal pleading are not applicable to an indorsement pleading in a Civil Court action, including particular allegations to be pleaded in actions for defamation (see Gaeta v Home Box Off., 169 Misc 2d 500, 507 [Civ Ct. NY County 1996]). Defendant’s remedy was to first ascertain what words plaintiffs are claiming are defamatory, whether by seeking a more formal pleading (see CCA 902 [e]) or by discovery, and then to make the appropriate motion.
With respect to defendant’s motion to compel discovery, we note that defendant filed his motion for summary judgment on December 10, 2014, and, thereafter, on December 23, 2014, filed a motion to compel discovery. In the order entered February 27, 2015, the Civil Court should not have denied defendant’s motion to compel discovery on the ground that disclosure had been stayed pursuant to CPLR 3214 (b), as disclosure was not stayed under CPLR 3214 (b), because plaintiffs’ time to answer or object to defendant’s interrogatories had already elapsed on October 28, 2014 (see CPLR 3133 [a]), 20 days after service of notice of the discovery demand on October 3, 2014, plus five additional days pursuant to CPLR 2103 (b) (2), where, as here, defendant’s demand for discovery had been served by mail. Thus, plaintiffs were in default in failing to respond to defendant’s interrogatories before any stay could arise as a result of defendant’s summary judgment motion. It was only after plaintiffs had received notice of defendant’s motion for *6 summary judgment, on December 11, 2014, that defendant received plaintiffs’ responses to the interrogatories. It should be noted, however, that, in their response, plaintiffs refused to set forth, among other things, the particular words complained of which allegedly constituted defamation, invoking, among other grounds, an attorney-client privilege, although plaintiffs are pro se, and even though the particular words are a necessary element of plaintiffs’ prima facie case (see generally Dillon v City of New York, 261 AD2d 34 [1999]). In any event, although CPLR 3214 (b) imposes a stay on disclosure when a motion is made under CPLR 3212, a court can direct otherwise. “Thus, if there were any legitimate need for discovery, [a party] could and should have requested it” (John Eric Jacoby, M.D., P.C. v Loper Assoc., 249 AD2d 277, 279 [1998]), which in the instant matter defendant did. Therefore, under these circumstances, the Civil Court improvidently exercised its discretion in denying defendant’s motion for disclosure; rather, the Civil Court should have decided the motion on the merits.
Accordingly, the order entered September 30, 2014 is affirmed, the order entered February 27, 2015 is modified by vacating so much thereof as denied defendant’s motion to compel discovery and the matter is remitted to the Civil Court for a new determination of defendant’s motion to compel discovery.
Solomon, J.P., Weston and Elliot, JJ., concur.