23-202-cv
*Makhnevich v. Novick Edelstein Pomerantz PC*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.   CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of May, two thousand twenty-four.

PRESENT:
>JOSEPH F. BIANCO,
>WILLIAM J. NARDINI,
>MARIA ARAÚJO KAHN,
>>*Circuit Judges*.

_____

STACY MAKHNEVICH,

>*Plaintiff-Appellant*,

>v.                                                                    23-202-cv

NOVICK EDELSTEIN POMERANTZ PC,
GREGORY S. BOUGOPOULOS,

>*Defendants-Appellees*.

_____

| | |
|---|---|
| FOR PLAINTIFF-APPELLANT: | Stacy Makhnevich, *pro se*, Brooklyn, New York. |
| FOR DEFENDANTS-APPELLEES: | Louis V. Fasulo (Michael Giordano, *on the brief*), Fasulo Giordano & DiMaggio, LLP, New York, New York. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Kiyo A. Matsumoto, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court, entered January 19, 2023, is **AFFIRMED**.

Stacy Makhnevich, *pro se*, sued a law firm and individual attorney that had represented the board of her condominium building (the "Board") in a state-court debt-collection proceeding to recover unpaid common charges that she allegedly owed to the Board. Makhnevich alleged, among other things, violations of the Fair Debt Collection Practices Act ("FDCPA") and certain state laws arising out of defendants' purported misrepresentation about a state-court transcript, which caused delay and additional expense in the appeal of the state-court debt-collection judgment.[1] The district court granted summary judgment to the defendants, holding that her FDCPA claims were time-barred and without merit and declining to exercise supplemental jurisdiction over her state-law claims. *See Makhnevich v. Bougopoulos*, 650 F. Supp. 3d 8 (E.D.N.Y. 2023). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.[2]

We review a district court's grant of summary judgment and application of the limitations period *de novo*. *Benzemann v. Houslanger & Assocs., PLLC*, 924 F.3d 73, 78 (2d Cir. 2019).

---

[1] Makhnevich also brought discrimination claims under federal and state law, asserting that the defendants failed to provide reasonable accommodations for pregnancy-related medical issues. Because she does not address the dismissal of those claims in her appellate brief, we consider them to be abandoned. *See LoSacco v. City of Middletown*, 71 F. 3d 88, 92–93 (2d Cir. 1995).

[2] Makhnevich's disputes with the Board and the defendants' representation of the Board have a lengthy and complex procedural history—some of which we addressed in a recent summary order in a related appeal, *Makhnevich v. Bougopoulos*, No. 22-936, 2024 WL 1653464 (2d Cir. Apr. 17, 2024), affirming the dismissal of other FDCPA claims brought by Makhnevich.

Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *Id.* Because Makhnevich is proceeding *pro se*, her submissions are liberally construed to raise the strongest claims and arguments they suggest. *See Murphy v. Hughson*, 82 F.4th 177, 186 n.6 (2d Cir. 2023).

We agree with the district court that the FDCPA claim was time-barred. "An FDCPA claim must be filed 'within one year from the date on which the violation occurs.'" *Benzemann*, 924 F. 3d at 75 (quoting 15 U.S.C. § 1692k(d)). An FDCPA violation occurs "when an individual is injured by the alleged unlawful conduct." *Id.* at 83. Here, Makhnevich's FDCPA claim was based on an affirmation the defendants emailed to her on August 13, 2020. However, she filed her complaint on August 17, 2021, several days after the one-year limitations period expired. Thus, the district court correctly determined that her action was untimely filed.

Makhnevich contends that she had preserved her FDCPA claim by moving to supplement her complaint in her previous lawsuit. We disagree. Makhnevich moved to supplement her complaint in opposition to defendants' motion for summary judgment as an "alternative to filing a new action against [d]efendants" for disability discrimination. *See Makhnevich v. Bougopoulos*, No. 18-CV-285 (KAM) (VMS), 2022 WL 939409, at *4 (E.D.N.Y. Mar. 29, 2022). That motion did not contain any allegations related to the August 13, 2020 letter. Thus, the FDCPA claim is untimely notwithstanding the motion to supplement the complaint in the previous lawsuit.

Makhnevich points to additional reasons why, in her view, the limitations period should not be enforced against her. For instance, she argues that defendants did not provide evidence of

3

"read receipts" of the email containing the affirmation that formed the basis of her FDCPA claim and that, in any event, the statute of limitations for her FDCPA claim should have been extended under N.Y. C.P.L.R. § 2103(b)(2), which adds five additional days to time limits that are "measured from the service of a paper."[3]   Appellant's Br. at 45–46.   In the alternative, in her reply brief, she seeks equitable tolling based on stay-at-home orders during the COVID-19 pandemic and COVID-19 exposure at some unspecified time.   None of these additional arguments she now raises on appeal was presented in the district court.   "It is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal," unless considering the issue is "necessary to avoid a manifest injustice."[4]   *In re Nortel Networks Corp. Sec. Litig.*, 539 F.3d 129, 132–33 (2d Cir. 2008) (internal quotation marks and citation omitted).

Makhnevich has not demonstrated that considering these arguments that she raises for the first time on appeal is necessary to avoid a "manifest injustice."   For example, Makhnevich's reliance on N.Y. C.P.L.R. § 2103(b)(2) is misplaced.   That provision generally governs the computation of state litigation deadlines, because the time to act under state law is often measured from the date of service.   *See, e.g.*, *Messina v. Lippman*, 49 N.Y.S. 3d 218, 221 (App. Term 2016) (applying Section 2103(b)(2) to a demand for discovery).   The one-year limitations period of 15

---

[3] With respect to her receipt and review of the email containing the affirmation at issue, although Makhnevich claimed in her complaint that she did not receive the email until August 18, 2020, the record contains an email confirmation that makes clear that it was received by Makhnevich on August 13, 2020, and she even quoted the affirmation in an August 17, 2020 reply affidavit.

[4] We note that we also need not consider some of these new arguments because they were raised by Makhnevich for the first time on appeal in her reply brief.   *See In re Orion HealthCorp, Inc.*, 95 F.4th 98, 103 n.2 (2d Cir. 2024) (per curiam).

U.S.C. § 1692k(d) is not measured from a service date, but from a violation date; and, although formal service might be relevant for certain alleged violations of the FDCPA, the particular communication at issue in this case was not one of them. Thus, Section 2103(b)(2) does not govern the accrual date of her federal cause of action under the FDCPA. Similarly, Makhnevich has not provided a sufficient basis for equitable tolling based on the conclusory claim in her reply brief regarding stay-at-home orders or COVID-19 exposure at some unspecified time.[5] In short, we discern no "manifest injustice" that would result from finding that Makhnevich has waived these additional arguments.

*　　　*　　　*

---

[5] In the district court, Makhnevich argued for tolling based only on Executive Order 202.8, issued on March 20, 2020 by then-Governor Andrew Cuomo during the pandemic, which tolled the "specific time limit for the commencement" of an action "prescribed by the procedural laws of the state." 9 N.Y. Comp. Codes R. Regs. tit. § 8.202.8 (2020). The district court determined that the Executive Order did not apply to federal statutes, such as the FDCPA, that provide their own statute of limitations, *Makhnevich*, 650 F. Supp. 3d at 17, and Makhnevich has abandoned any challenge to that ruling by failing to raise it in her opening brief on appeal, *see LoSacco*, 71 F.3d at 92–93 ("[W]e need not manufacture claims of error for an appellant proceeding *pro se*, especially when he has raised an issue below and elected not to pursue it on appeal."); *see also N.L.R.B. v. Star Color Plate Serv., Div. of Einhorn Enters., Inc.*, 843 F.2d 1507, 1510 n.3 (2d Cir. 1988) (rejecting argument raised for first time on appeal in reply brief).

We have considered Makhnevich's remaining arguments and conclude that they are without merit.[6]   Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[6]   To the extent Makhnevich challenges the district court's denial of her motion for discovery pursuant to Federal Rule of Civil Procedure 56(d), we find no abuse of discretion in that determination given that the requested discovery did not relate to the untimeliness of Makhnevich's claim.  *See generally Alphonse Hotel Corp. v. Tran*, 828 F.3d 146, 151 (2d Cir. 2016) (reviewing denial of Rule 56(d) motion for abuse of discretion).