(June 12, 1989)

■ THOMAS ALFANO, Appellant, v LINDA ALFANO, Respondent.—In a matrimonial action in which the parties were divorced by judgment entered July 16, 1987, the plaintiff husband appeals, as limited by his brief, from so much of an

order of the Supreme Court, Nassau County (Velsor, J.), dated December 11, 1987, as, after a hearing, denied his motion, *inter alia,* for downward modification of maintenance and child support and modification of visitation, and granted the defendant wife counsel fees.

Ordered that the order is affirmed insofar as appealed from, with costs.

"In order to justify a modification of the [maintenance] provisions, a substantial change of circumstances must be shown and the burden of proving such a change rests upon the party seeking the modification" *(Matter of Kronenberg v Kronenberg,* 101 AD2d 951; *Miklowitz v Miklowitz,* 79 AD2d 795). Where the change in a party's financial condition is brought about solely by the party's own action or inaction, downward modification of that party's maintenance and child support obligations should be denied *(see, Hickland v Hickland,* 39 NY2d 1; *Kay v Kay,* 37 NY2d 632; *Matter of Moore v Moore,* 115 AD2d 894). In the instant case, the plaintiff voluntarily left a job from which he earned approximately $50,000 annually, inclusive of overtime pay, in order to take a supervisory position at a slightly higher base pay, but with virtually no chance for overtime, and thus actually decreasing his income by $15,000 annually. The Supreme Court properly found that while the plaintiff is entitled to improve his vocational lot, to permit a downward modification of support would be tantamount to requiring the plaintiff's three children to subsidize their father's financial decision *(see, Matter of Moore v Moore, supra,* at 895-896).

In addition, the plaintiff failed to meet his burden of demonstrating a substantial change in circumstances sufficient to justify modification of the visitation provisions of the divorce judgment *(see, Sorrentino v Sorrentino,* 122 AD2d 604). The most important factor to be considered in adjudicating custody and visitation rights is the best interests of the children *(see, Matter of Juan R. v Necta V.,* 55 AD2d 33), and the hearing court's determination will not be set aside or modified unless it lacks a sound and substantial basis *(see, Corsell v Corsell,* 101 AD2d 766). Although the plaintiff's hours of work have changed, in reality he has more time during the week to see his children since he no longer works overtime. Based upon the evidence of the children's needs adduced at the hearing, the hearing court properly determined that the visitation privileges set forth in the judgment of divorce were adequate.

We have examined the plaintiff's other contentions and find

them to be without merit. Thompson, J. P., Lawrence, Rubin and Balletta, JJ., concur.