■ In the Matter of RAYMOND WESTWATER, Appellant, v KATHLEEN DONNELLY, Respondent. [612 NYS2d 58] —In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Suffolk County (Abrams, J.), entered November 13, 1991, which denied his objections to an order of the same court (Rodriquez, H.E.), entered July 30, 1991, which, after a hearing, *inter alia,* denied the father's application for a downward modification of child support.

Ordered that the order is affirmed, without costs or disbursements.

Contrary to the father's contentions, the fact that he elected to leave his higher paying position with IBM and start his own business does not constitute a change in circumstances sufficient to warrant a downward modification of his child support obligation. "Where the change in a party's financial condition is brought about solely by the party's own action or inaction, downward modification of that party's * * * child support obligations should be denied" *(Alfano v Alfano,* 151 AD2d 530, 531). Moreover, we note that during the period when the father alleges that his income had significantly decreased, he was nevertheless able to buy expensive gifts for

his son, purchase a used luxury automobile in cash, and go on no less than three vacations to Hawaii. Such expenditures militate against the father's contention that the decision to start his own business seriously impacted upon his own lifestyle, let alone his ability to continue to pay the modest support obligation imposed upon him *(see, Sofia v Sofia,* 162 AD2d 594, 595; *see also, Hickland v Hickland,* 39 NY2d 1). Therefore, although the father should be permitted to improve his vocational lot, under the circumstances herein, "to permit a downward modification of support would be tantamount to requiring the * * * [child] to subsidize [his] father's financial decision" *(Alfano v Alfano, supra,* at 531).

We also find that the Hearing Examiner was correct in not permitting parol evidence to interpret the meaning of the parties' 1988 agreement to equally share the child's therapy costs. Resort to parol evidence is unnecessary where, as here, the ordinary meaning can be readily discerned from the face of the agreement *(see, Teitelbaum Holdings v Gold,* 48 NY2d 51, 56). Bracken, J. P., O'Brien, Santucci and Joy, JJ., concur.