■ In the Matter of ELLEN G. YOURMAN, Respondent, v PETER YOURMAN, Appellant. [627 NYS2d 746] —In a support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Kings County (Ambrosio, J.), dated September 28, 1993, which denied his objections to an order of the same court (Spegele, H.E.), dated July 13, 1993, which, after a hearing, denied his application for a downward modification of child support.

Ordered that the order is affirmed, with costs.

The evidence in the record supports the Hearing Examiner's determination that the decrease in the father's income, as reflected in his income tax returns, resulted from his voluntarily changing his business and underreporting his income. Accordingly, the father's application for a downward modification of his child support obligation was properly denied (see, Hickland v Hickland, 39 NY2d 1, cert denied 429 US 941; Kay v Kay, 37 NY2d 632; Alfano v Alfano, 151 AD2d 530).

The father contends that his income has decreased because his progressively disabling knee problems forced him to abandon his business as a carpenter and a handyman. However, there was no medical testimony to that effect offered at the hearing. Indeed, the father admitted that, after working in a restaurant for about a week, he quit because it interfered with his primary business of selling antiques and collectibles. While a parent is entitled to attempt to improve his or her vocational lot, the children should not be expected to subsidize the

parent's decision *(see, Matter of Westwater v Donnelly,* 204 AD2d 467; *Alfano v Alfano, supra,* at 530). Bracken, J. P., Ritter, Joy and Goldstein, JJ., concur.