■ In the Matter of PHILIP DOYLE, Appellant, v CATHY DOYLE, Respondent. [646 NYS2d 372] —In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Suffolk County (Kent, J.), entered March 9, 1995, which denied his objections to an order

of the same court (Lynaugh, H.E.), entered December 28, 1994, denying, after a hearing, his application for a downward modification of child support. The appeal brings up for review so much of an order of the same court (Kent, J.), entered May 3, 1995, as, upon reargument, adhered to the original determination (*see,* CPLR 5517).

Ordered that the appeal from the order entered March 9, 1995, is dismissed as that order was superseded by the order entered May 3, 1995, made upon reargument; and it is further,

Ordered that the order entered May 3, 1995, is affirmed insofar as reviewed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The Family Court's determination denying the father's application for a downward modification of his support obligations is supported by the record and should thus be affirmed (*see, Relf v Relf,* 197 AD2d 611; *Matter of Berg v O'Leary,* 193 AD2d 732). The court properly considered the father's earning capacity in addition to his actual income in evaluating his financial circumstances (*see, Matter of Mireille J. v Ernst F. J.,* 220 AD2d 503; *Matter of Susan M. v Louis N.,* 206 AD2d 612). Moreover, the father's decision to invest his assets in a new business venture thereby altering his circumstances does not, under the facts of this case, justify a reduction in his child support obligations. While a parent is entitled to attempt to improve his vocation, his children should not be expected to subsidize his decision (*see, Matter of Yourman v Yourman,* 216 AD2d 308; *Matter of Westwater v Donnelly,* 204 AD2d 467). Miller, J. P., Ritter, Santucci and Altman, JJ., concur.