OPINION OF THE COURT
JULIANNE S. EISMAN, J.
*442 Before the court are objections filed by respondent to an order made by Hearing Examiner Neil T. Miller on September 23, 1997, dismissing respondent’s petition for a downward modification of his existing support obligation. The modification petition filed by the respondent alleged that his yearly income has decreased since July 1, 1996, and in addition thereto, he is currently responsible for dependents that were not considered at the time the present order was granted.
After a two-day hearing during which the respondent was represented by counsel, Hearing Examiner Miller dismissed the modification petition finding that the respondent had not met the burden of proof and continued the existing support order of July 1, 1996. Tantamount to the dismissal was the issue of credibility. Hearing Examiner Miller found the respondent “less than credible”. He indicated inconsistencies in respondent’s testimony and the testimony which was proffered by his wife contradicted that of her husband. He further found that the respondent and his spouse comingle their income and that the respondent’s expenses cannot be reconciled with his net income inasmuch as his expenses are in excess thereof.
The respondent’s first and foremost objection is that the Hearing Examiner found that respondent’s income has remained the same since the 1996 order. Respondent admits that he initially testified that there had been no change in his income since July 1996, but in his objections, he clarified this statement, reiterating that he was terminated from his part-time teaching position at Brookdale Hospital, a position which provided respondent an additional $10,000 in gross income.
The respondent is a physician. He formed a professional corporation subsequent to July 1, 1996. He further disputes the Hearing Examiner’s findings with respect to such corporation, and more specifically, the income which the Hearing Examiner imputed from this corporation to the respondent and his spouse, who is also an integral part of said corporation.
Respondent also objects to the Hearing Examiner’s finding that the previous and present financial disclosure affidavits cannot be reconciled and, further, that respondent’s expenses cannot be reconciled with his net income.
The respondent argues that although his expenses, including the additional support obligations he currently has, exceed his gross income, he relies on his line of credit to cover this indebtedness. The Hearing Examiner found this explanation regarding the use of credit “not convincing”.
Pursuant to the terms of the Family Court order of July 1, 1996, which is presently in full force and effect, the respon *443 dent, on consent, is obligated to pay $200 per week, allocated at $150 for the support of his son, Ekua Sa M., and $50 towards arrears. The disposition shows that the support amount of $150 weekly was based upon respondent’s income, which he represented to be $961 per week, with an adjusted gross income of $887.
With reference to the objections regarding respondent’s obligation to support dependents which were not considered at the time the July 1, 1996 order on consent was made, respondent acknowledged on the record that these dependents existed at the time of the order inasmuch as he was voluntarily contributing to the support of-these dependents, although he had no legal obligation to do so. Formal adoption of these dependents occurred on February 25, 1997.
Also, respondent indicates that the child Portia is his biological daughter and not his adopted daughter as incorrectly designated by the Hearing Examiner. The child was residing with him at the time the present support order was made. She left his household to reside with her mother after July 1, 1996. Respondent argues that it was not until August 1997 that he assumed an obligation to pay $200 per month for Portia’s support.
The court, after review, finds that the Hearing Examiner correctly dismissed the petition for failure to demonstrate a change in circumstances.
The record shows respondent testified that his income has not changed inasmuch as he earned the same salary when he came to court in June 1997 as he did when he came to court in July 1996. He further argues, however, that his income decreased by a gross of $10,000 since the July 1, 1996 order as a result of his termination from his part-time teaching position with Brookdale Hospital. Nevertheless, he introduced a letter as part of his supporting papers indicating that he was terminated from that position in January 1995.
Respondent disputes the findings that he and his wife receive “substantial financial benefits” from the professional corporation in addition to his salary. Respondent testified that since 1996, he has been “struggling in a private practice, and it hasn’t been successful.” (Record, at 24, lines 24-25.) However, further testimony given by the respondent at trial reveals that he receives certain “perks” as determined by the Hearing Examiner. He testified that the corporation makes the lease payments for his Land Rover vehicle and his wife’s Volvo, and also pays insurance, gasoline and maintenance for same. “Such *444 expenditures militate against the father’s contention that the decision to start [a corporation] seriously impacted upon his own lifestyle, let alone his ability to continue to pay the modest support obligation imposed upon him”. (Matter of Westwater v Donnelly, 204 AD2d 467, 468 [2d Dept 1994]; see, also, Matter of Doyle v Doyle, 230 AD2d 795 [2d Dept 1996]; Matter of Yourman v Yourman, 216 AD2d 308 [2d Dept 1995]; see also, Matter of Mireille J. v Ernst F. J., 220 AD2d 503 -[2d Dept 1995] [holding to the extent that the appellant’s (physician’s) claimed adjusted gross income figures were calculated reflecting his business deductions and depreciation of business assets, while these figures may be legitimate for tax purposes, they have little bearing on the appellant’s actual ability to pay support].)
A further review of the transcript reveals that respondent testified that he and his current spouse share a joint bank account in which they deposit all funds received and from which they pay all of their bills. As a result of reorganizing his business, respondent said his current salary is $35,000 per year and his current spouse receives a salary of $75,000 for her role in the business. Both the respondent and his wife deposit their salaries into the joint account.
The business pays rent in the amount of $36,000 to the respondent’s wife, who is the owner of the building. It is undisputed that the rental income is deposited into their joint bank account. A court has the discretion to impute income to a parent where the parent receives money, goods or services from a relative or friend. (See, Family Ct Act § 413 [1] [b] [5] [iv] [D].)
It appears that with the restructuring of the corporation, the respondent is still the beneficiary of significant income derived therefrom. The Hearing Examiner found the respondent’s ability to earn at least as great as the income he reported at the time the instant support order was granted. Courts often go behind the “paycheck veil” to find the respondent’s potential earning capacity significantly more substantial than that reflected in weekly salary. Considerable discretion is given to a Hearing Examiner to attribute or impute income to a parent in making a child support determination, and the exercise of such discretion may be based upon prior employment experience, as well as the parent’s future earning capacity in light of that parent’s education background. (Family Ct Act § 413 [1] [b] [5]; see also, Matter of Susan M. v Louis N., 206 AD2d 612 [3d Dept 1994]; Matter of Ladd v Suffolk County Dept. of Social Servs. [Ladd], 199 AD2d 393 [2d Dept 1993].)
*445 Moreover, the incorrect indication by the Hearing Examiner that Portia E. was an adopted child rather than respondent’s biological child is not relevant for purposes of a downward modification as requested by respondent. The obligation to support Portia was incurred a year after the establishment of the instant support order and it cannot justify a reduction of the current order because Portia lived with and was supported by the respondent at the time he agreed to the present support order regarding his son. This dependent existed at the time of the support order and so did the three children in Africa who were subsequently adopted by the respondent in February 1997 but who also were supported by him prior thereto.
Respondent testified that he voluntarily assumed the obligation to support his late brother’s children and the subsequent adoption of these children is not such a circumstance which warrants a reduction in child support. (See, Matter of Windwer v Windwer, 39 AD2d 927, 928 [2d Dept 1972], affd 33 NY2d 599 [1973].)
The diminishment of current support obligations of the respondent as the result of his subsequent remarriage and the growth of a second family is not at all warranted or justified under the circumstances herein. (Besharov, Practice Commentaries, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act § 442, 1998 Supp Pamph, at 122-131.) In any event, the facts of this case do not warrant a decrease in the support for the subject child.
The determination of a respondent’s credibility as a witness and the weight to be given his testimony are matters for the Hearing Examiner as he is in the best position to hear and evaluate the evidence. The court sees no basis in the record to disturb his decision.
Accordingly, the court finds that the respondent has not met the burden of proof required to convince the court that he is entitled to a downward modification and his objections are denied. The order of July 1, 1996 is continued.