■ In the Matter of IRMA ALVAREZ, Respondent, v LUIS AL-VAREZ, Appellant. [739 NYS2d 298] —In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Queens County (Salinitro, J.), dated October 13, 2000, which denied his objections to an order of the same court (Blaustein, H.E.), dated June 23, 2000, which, after a hearing, granted his application for a downward modification of child support only to the extent of directing a downward modification retroactive to January 3, 2000.

Ordered that the order is affirmed, without costs or disbursements.

The father contends that he is entitled to a downward modification of his child support obligation retroactive to the date on which one of the parties' children joined the armed services. However, the father may only be granted a downward modification of his child support obligation retroactive to January 3, 2000, which was the date of his application (see, Weitz v Weitz, 1 AD2d 1025).

The father's remaining contentions are without merit. S. Miller, J.P., Krausman, H. Miller and Adams, JJ., concur.

■ In the Matter of VICKI AUSTEIN-GILLMAN, Respondent, v STEVEN GILLMAN, Appellant. [740 NYS2d 76] —In a support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Nassau County (Koenig, J.), dated September 12, 2000, which denied his objections to an order of the same court (Watson, H.E.), dated July 24, 2000, dismissing his cross petition for downward modification of child support.

Ordered that the order is affirmed, with costs.

The father resigned from a job with a construction company to work in his new wife's business. When this business failed and the father could not make his child support payments, he filed a cross petition for a downward modification. However, because the father's financial deterioration was caused by his own actions and decisions, a reduction in his child support obligation is unjustified (see, Matter of Doyle v Doyle, 230 AD2d 795, 796; Matter of Yourman v Yourman, 216 AD2d 308). In any event, the father failed to establish due diligence in trying to find another job.

The father's remaining contentions are either without merit or not properly before this Court. O'Brien, J.P., Luciano, Townes and Crane, JJ., concur.