■ JANE VERDRAGER, Respondent, v BRUCE VERDRAGER, Appellant. [741 NYS2d 710] —In a matrimonial action in which the parties were divorced by judgment entered September 9, 1994, the defendant appeals, as limited by his brief, from so much of (1) an order of the Supreme Court, Suffolk County

(Baisley, J.), dated October 4, 2000, as denied his motion to modify the judgment of divorce as it relates to the law school expenses of the parties' daughter, (2) a judgment of the same court, dated December 7, 2000, as directed the payment of the law school expenses, and (3) an amended judgment of the same court, entered December 29, 2000, as awarded similar relief.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the appeal from the judgment dated December 7, 2000 is dismissed, as that judgment was superseded by the amended judgment entered December 29, 2000, and it is further,

Ordered that the amended judgment is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeal from the immediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the amended judgment (see CPLR 5501 [a] [1]).

Contrary to the defendant's contentions, he failed to demonstrate that the parties' daughter was constructively emancipated, thereby relieving him of his obligation to pay for her law school expenses (see Alice C. v Bernard G.C., 193 AD2d 97, 109). Where, as here, "it is the parent who causes the breakdown in communication with his child, or has made no serious effort to contact the child and exercise his visitation rights, the child will not be deemed to have abandoned the parent" (Alice C. v Bernard G.C., supra at 109; see also Kinney v Simonds, 276 AD2d 882, 884).

The parties' remaining contentions are without merit. Florio, J.P., Smith, Luciano and H. Miller, JJ., concur.