■ In the Matter of GRACE DAVIS, Respondent, v MELVILLE DAVIS, Appellant. [787 NYS2d 113]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Queens County (Richardson, J.), dated March 16, 2004, which denied his objections to an order of the same court (Clark, H.E.) dated February 5, 2003, which, after a hearing, denied, without prejudice, his application for a downward modification of his child support obligation.

Ordered that the order is affirmed, without costs or disbursements.

A child support order deriving from a separation agreement incorporated but not merged with a judgment of divorce, as is the case here, may be modified by a court "upon a showing that the agreement was not fair and equitable when entered into, or that an unanticipated and unreasonable change in circum-

stances has occurred resulting in a concomitant need" (*Merl v Merl,* 67 NY2d 359, 362 [1986]; *see Matter of Boden v Boden,* 42 NY2d 210, 213 [1977]). Moreover, the change in circumstances must be substantial (*see Beard v Beard,* 300 AD2d 268 [2002]). Where the change in circumstances is the loss of employment, a party seeking a downward modification must make a good-faith effort at seeking re-employment commensurate with his or her qualifications and experience (*see Matter of Madura v Nass,* 304 AD2d 579, 580 [2003]; *Matter of Musumeci v Musumeci,* 295 AD2d 516 [2002]; *Matter of Austein-Gillman v Gillman,* 292 AD2d 524 [2002]). In the case where a party loses his job due to an injury, the party has the same obligation to find some other type of employment, unless that party can demonstrate that he or she is unable to perform other work (*see Matter of McCarthy v McCarthy,* 2 AD3d 735 [2003]). Here, the evidence amply supports the Hearing Examiner's finding that the father, permanently partially disabled, made no effort to find a job in another line of work that was not as physically demanding as his former job as a bricklayer. The father had not attempted to seek retraining in preparation for looking for different work. That the father may not have completed high school does not relieve him of his obligation to seek other work. A parent's child support obligation is not necessarily determined by his or her current financial condition, but rather by his or her ability to provide support (*see* Family Ct Act § 413 [1] [a]; *Matter of Madura v Nass, supra; Beard v Beard, supra*). Accordingly, the father was not entitled to a downward modification of child support, and the Family Court properly denied his application without prejudice. Florio, J.P., Krausman, Cozier and Mastro, JJ., concur.