■ In the Matter of DEBBIE GRAY, Respondent, v BRUCE GRAY, Appellant. [859 NYS2d 785]—

Appeal from an order of the Family Court, Cattaraugus County (Michael L. Nenno, J.), entered January 5, 2007 in a proceeding pursuant to Family Court Act article 4. The order, among other things, denied respondent's objections to an order of the Support Magistrate dated November 15, 2006 dismissing respondent's petition.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent father contends that Family Court erred in denying his objections to the order of the Support Magistrate, who dismissed his petition seeking a downward modification of his child support obligation. We affirm. The father testi-

fied at the hearing before the Support Magistrate that, after the prior order of child support was entered, he became disabled as the result of an ATV accident and was unable to return to work. A party seeking a downward modification of his or her child support obligation must establish a substantial change in circumstances and, "[w]here the change in circumstances is the loss of employment, a party seeking a downward modification must make a good-faith effort at seeking re-employment commensurate with his or her qualifications and experience. In the case where a party loses his [or her] job due to an injury, the party has the same obligation to find some other type of employment, unless that party can demonstrate that he or she is unable to perform other work" (*Matter of Davis v Davis*, 13 AD3d 623, 624 [2004], *lv dismissed* 5 NY3d 746 [2005] [citations omitted]). Here, the father failed to meet his burden of establishing his entitlement to a downward modification inasmuch as he did not provide competent medical evidence of his disability or establish that his alleged disability rendered him unable to work (*see Matter of Greene v Holmes*, 31 AD3d 760, 762 [2006]; *Matter of Cicardi v Cicardi*, 267 AD2d 784, 785-786 [1999]; *see also Davis*, 13 AD3d at 624).

Finally, the father contends that he was denied effective assistance of counsel based on his attorney's failure to present expert medical testimony or to introduce his medical records in evidence. We are unable to review that contention on the record before us, inasmuch as any such alleged expert medical testimony and medical records were not before Family Court and thus were properly not included in the record on appeal. Present—Scudder, P.J., Martoche, Green, Pine and Gorski, JJ.