OPINION OF THE COURT
Anthony J. Falanga, J.
This is a post-judgment-of-divorce application by the plaintiff (hereafter husband) for an order relieving him of his obligation to pay child support on the ground that the parties’ daughter has constructively abandoned him.
The law on emancipation was set forth by the Appellate Division, Second Department, in Matter of Guevara v Ubillus (47 AD3d 715, 715-716 [2008]) on January 15, 2008, as follows:
“It is fundamental public policy in New York that parents of minor children are responsible for their children’s support until age 21 (see Family Ct Act § 413; Matter of Roe v Doe, 29 NY2d 188, 192-193 [1971]; Matter of Cellamare v Lakeman, 36 AD3d 906 [2007]). ‘Nevertheless, children of employable age and in full possession of their faculties who voluntarily and without cause abandon their home, against the will of their parents and for the purpose of avoiding parental control, forfeit their right to demand support even if they are not financially self-sufficient’ (Matter of Bailey v Bailey, 15 AD3d 577 [2005]; Matter of Roe v Doe, 29 NY2d 188, 192-193 [1971]; Matter of Alice C. v Bernard G.C., 193 AD2d 97, 105 [1993]).
“The evidence on the record sufficiently supports the finding that the petitioner, without good cause, abandoned the respondent’s home on her 18th birthday in order to avoid parental control and to gain independence from her mother’s restrictive household rules (see Matter of Roe v Doe, 29 NY2d 188 [1971]; Matter of Bailey v Bailey, 15 AD3d 577 [2005]; Matter of Commissioner of Social Servs. v Jones-Gamble, 227 AD2d 618 [1996]; cf. Matter of Drago v Drago, 138 AD2d 704, 706 [1988]).”
There are, however, two lines of cases relating to constructive emancipation that are clearly distinguishable, and the distinc *715 tion must be carefully considered by a court entertaining an application regarding constructive emancipation.
The concept of constructive emancipation was created by the Court of Appeals in 1971 in Roe v Doe (supra), and continued in Matter of Parker v Stage (43 NY2d 128 [1977]), to relieve a parent of the statutory obligation to support a child who had withdrawn from parental control by actually moving out of the parent’s home and moving in with a classmate (Roe v Doe, supra) or a boyfriend (Parker v Stage, supra). Pursuant to the rule of law established by Roe v Doe (supra) and Parker v Stage (supra), in Guevara v Ubillus (supra), quoted above, an 18 year old was denied support upon a finding that she moved out of her mother’s home to avoid the mother’s restrictive household rules. It is important to note that in this line of cases, the child (or the Department of Social Services on behalf of the child) is a party to the proceeding seeking support.
In 1983, the Appellate Division, Second Department, in Cohen v Schnepf (94 AD2d 783 [1983]), expanded the concept of constructive emancipation to apply to a child of employable age who continued to reside with, and remained under the authority and control of, the residential custodial parent, but refused to submit to the authority and control of the other parent. (Although a parent is obligated to support a child until the age of 21, a court lacks the authority to address custodial issues of parental access and decision making once a child attains the age of 18 [see Family Ct Act § 413; Domestic Relations Law § 2; Matter of Lazaro v Lazaro, 227 AD2d 402 (1996)]. However, residential custody remains a relevant consideration for the court pursuant to Domestic Relations Law § 240 [1-b] in determining child support issues regarding a child between the ages of 18 and 21, and the within decision will therefore refer to a parent as a residential or nonresidential custodial parent.) In such cases, however, the child is not truly constructively emancipated, as he or she remains entitled to support from the residential custodial parent. In reality, in any case with a fact pattern similar to Cohen v Schnepf (supra; see e.g. Alice C. v Bernard G.C., supra; Chamberlin v Chamberlin, 240 AD2d 908 [1997]; Christine C. v Robert N.M, NYLJ, Mar. 28, 2008, at 27), the result of the court’s ruling is not that the child will be forced to support himself or herself, but, rather, that the burden of support will fall 100% on the residential custodial parent, without regard to the Child Support Standards Act guidelines or an existing contractual obligation set forth in a separation agreement or stipulation of settlement.
*716 A careful reading of Cohen v Schnepf {supra) reveals that the residential custodial parent was largely responsible for the child’s abandonment of the other parent, and accordingly, the residential parent was left with the burden of supporting the child. But this is not true in every case in which a parent who is not the residential custodian seeks the court’s permission to cease contributing to the support of a child between the ages of 18 and 21. The court must be cognizant of the fact that in certain cases, an order deeming a child constructively emancipated will not affect the child, but will merely serve to place the entire support obligation on the residential custodial parent, who may be blameless vis-á-vis the rift between the child and the noncustodial parent {see Alice C. v Bernard G.C., supra).
The law is well settled that a child support order deriving from a separation agreement incorporated but not merged with a judgment of divorce may be modified by a court only “upon a showing . . . that an unanticipated and unreasonable change of circumstances has occurred resulting in a concomitant need” (Matter of Davis v Davis, 13 AD3d 623, 623-624 [2004] [emphasis added], quoting Merl v Merl, 67 NY2d 359, 362 [1986]; see also Matter of Boden v Boden, 42 NY2d 210 [1977]). The concomitant need has been interpreted to include not only unmet financial needs of a child, but also the financial need of a payor parent who unexpectedly loses a job or becomes disabled (see Davis v Davis, supra; Cox v Cox, 108 AD2d 777 [1985]). As the payor parent herein seeking to be relieved of a support obligation on the ground of constructive emancipation has no “concomitant financial need” for such relief, this court holds as a matter of first impression that an alleged unanticipated and unreasonable abandonment of said parent by a child is not grounds for a court to reapportion the parents’ child support obligations set forth in a separation agreement or stipulation of settlement that has been incorporated and not merged in a judgment of divorce. Separation agreements and stipulations of settlement almost universally provide detailed definitions of emancipation events, and parents are free to include the abandonment of a nonresidential parent by a child as an emancipation event, which event was not included in the subject settlement stipulation.
This court acknowledges, however, that despite the well settled rule of law prohibiting a court from interfering with contractual allocations of child support obligations between *717 parents, except upon a showing of an unanticipated change of circumstances and concomitant need (see Merl v Merl, supra; Boden v Boden, supra), courts have nevertheless entertained applications seeking to modify the allocation of contractual child support obligations, on the ground that a child has been constructively emancipated (see e.g. Verdrager v Verdrager, 294 AD2d 353 [2002]; Alice C. v Bernard G.C., supra; Cohen v Schnepf, supra), without any consideration of the fact that the court was modifying the parties’ contract or the fact that the contract did not provide that the abandonment of a parent by a child was an emancipation event.
In the case at bar, the parties’ stipulation sets forth well defined emancipation events that serve to terminate the husband’s obligation to pay child support and does not provide that the abandonment of a parent by a child is an emancipation event. Further, at the time said stipulation was placed on the record, the husband and the parties’ daughter had been estranged for more than three years and Justice Iannacci noted that the husband’s contractual financial obligations, set forth in the stipulation of settlement, were not contingent upon a resumption of a relationship between the husband and his daughter. Knowing full well that he and his daughter had been estranged for over three years, the husband nevertheless entered into a stipulation of settlement wherein he agreed to pay direct support, college, uncovered medical and other expenses for her. The abandonment, therefore, if it existed at all, was already well established prior to the date of the stipulation of settlement and the continuation thereof clearly does not constitute an unanticipated change of circumstances.
As set forth hereinabove, absent a contractual provision defining abandonment of a parent by a child as an emancipation event, a court is not empowered to disturb the provisions of a separation agreement or stipulation of settlement allocating the parties’ respective child support obligations. In the instant case, even if the court did possess such authority, the existence of the alleged abandonment for three years prior to the execution of the stipulation of settlement and the husband’s inability to establish any unanticipated change of circumstances mandate the denial of his application. Indeed, upon consenting to the stipulation of settlement, the husband was clearly cognizant of the relevant facts and assumed the risk that any perceived or actual abandonment would continue unabated.
*718 Accordingly, the husband’s application for an order relieving him of his obligation to support his daughter on the ground of constructive emancipation is denied.