■ In the Matter of IRVING BRUCKSTEIN, Appellant, v KAREN BRUCKSTEIN, Respondent. (Proceeding No. 1.) In the Matter of KAREN BRUCKSTEIN, Respondent, v IRVING BRUCKSTEIN, Appellant. (Proceeding No. 2.) [910 NYS2d 176]—

In two related child support proceedings pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Nassau County (Singer, J.), dated July 9, 2009, which denied his objections to an order of the same court (Cahn, S.M.), dated April 3, 2009, which denied his petition to modify an order of support, granted the mother's petition to enforce the order of support, and awarded the mother an attorney's fee in the sum of $8,720.

Ordered that the order dated July 9, 2009, is affirmed, with costs.

The father commenced a proceeding seeking to eliminate his obligation to pay two thirds of the expense of the parties' son's summer camp expenses, as he had agreed to in the stipulation of settlement of the parties' divorce action, which was incorporated but not merged into their judgment of divorce. The mother then filed a petition to enforce the obligation. In his petition, the father alleged, as an unanticipated and substantial change in circumstance, that he had lost his job. He also argued, in the alternative, that the "teen tour" summer program attended by their son did not qualify as summer camp, and/or that the expense of the program was unreasonable within the meaning of the stipulation of settlement. After a hearing, the Support Magistrate denied the father's petition, granted the mother's petition, and awarded the mother an attorney's fee. The Family

Court denied the father's objections to the Support Magistrate's order, and he appeals.

The child support provisions contained in a stipulation of settlement incorporated but not merged into a judgment of divorce should not be disturbed unless there has been a substantial and unanticipated change in circumstances since the entry of the judgment of divorce (*see Matter of Boden v Boden*, 42 NY2d 210, 212-213 [1977]). A parent's loss of employment may constitute a substantial and unanticipated change in circumstances, justifying a downward modification of child support, where the termination occurred through no fault of the parent and the parent has diligently sought re-employment (*see Matter of Muselevichus v Muselevichus*, 40 AD3d 997, 998 [2007]). The party seeking to modify such child support provisions has the burden of establishing that a modification is warranted (*see Matter of Mandelowitz v Bodden*, 68 AD3d 871, 874 [2009]).

Where a loss of employment is due solely to a party's own action or inaction, a downward modification will be denied (*see Matter of Nieves-Ford v Gordon*, 47 AD3d 936, 937 [2008]; *Matter of Crystal v Corwin*, 274 AD2d 683, 685 [2000]). In this case, the father's assertions in his objections to the Support Magistrate's order and on appeal that he lost his employment through no fault of his own are made in conclusory fashion. The father never explained the reason for his loss of his employment. During the hearing, the Support Magistrate indicated that she "would need to know [why he lost his job, b]ecause if he lost that income through any act or omission of his own, it's not going to serve as a ground to modify his child support." However, the father failed to proffer an explanation for his loss of employment. Under the circumstances, the father failed to establish that his loss of income was unavoidable (*see Matter of Kronenberg v Kronenberg*, 101 AD2d 951, 952 [1984]).

Moreover, the father failed to establish that the program attended by the parties' son did not qualify as summer camp, or that its cost was unreasonable. The attorney's fee awarded to the mother was not an improvident exercise of discretion (*see* Family Ct Act § 438 [b]; *Matter of Nieves-Ford v Gordon*, 47 AD3d at 937).

The father's remaining contentions are without merit. Rivera, J.P., Covello, Santucci and Sgroi, JJ., concur.