■ In the Matter of AHMET ATABAY, Appellant, v ILKBAL CINAR, Respondent. [946 NYS2d 224]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Suffolk County (Hoffmann, J.), dated September 15, 2011, which denied his objections to an order of the same court (Livrieri, S.M.), dated June 17, 2011, which, after a hearing, denied his petition for a downward modification of his child support obligation.

Ordered that the order dated September 15, 2011, is affirmed, without costs or disbursements.

When a parent seeks to modify the child support provision of a prior order or judgment, he or she must demonstrate a substantial change in circumstances warranting modification (*see* Domestic Relations Law § 236 [B] [9] [b] [2] [i]; *Matter of Malbin v Martz*, 88 AD3d 715 [2011]). A parent seeking a downward modification based upon loss of employment must submit evidence demonstrating that the termination occurred through no fault of the parent and that the parent has diligently sought re-employment (*see Matter of Bruckstein v Bruckstein*, 78 AD3d 695 [2010]).

Here, the father failed to establish that his loss of employment driving a hazardous materials truck was through no fault of his own (*id.*), or that he diligently sought re-employment (*cf. Matter of McAndrew v McAndrew*, 84 AD3d 1381 [2011]). In addition, the father testified that he is prevented from seeking re-employment driving a truck because he suffers from sleep apnea, but he failed to provide any medical documentation to support this claim (*see Matter of Mofadal v Abdelhadi*, 88 AD3d 886 [2011]). Accordingly, the Family Court properly denied the father's objections to the Support Magistrate's finding that the father was not entitled to a downward modification of his child support obligation. Angiolillo, J.P., Belen, Roman and Sgroi, JJ., concur.