“The child support provisions contained in a stipulation of settlement incorporated but not merged into a judgment of *1121 divorce should not be disturbed unless there has been a substantial and unanticipated change in circumstances since the entry of the judgment of divorce” (Matter of Bruckstein v Bruckstein, 78 AD3d 695, 696 [2010]). “A parent’s loss of employment may constitute a substantial and unanticipated change in circumstances justifying a downward modification of child support where the termination occurred through no fault of the parent and the parent has diligently sought reemployment commensurate with his or her earning capacity” (Matter of Riendeau v Riendeau, 95 AD3d 891, 892 [2012]; see Matter of Atabay v Cinar, 96 AD3d 832, 833 [2012]). “The party seeking the modification has the burden of establishing such a change in circumstances” (Rooney v Rooney, 99 AD3d 785, 785 [2012]). “In reviewing a determination of the Family Court, deference should be given to the credibility determinations of the Support Magistrate, who was in the best position to evaluate the credibility of the witnesses” (Matter of Suyunov v Tarashchansky, 98 AD3d 744, 745 [2012]; see Matter of Kirchain v Smith, 84 AD3d 1237 [2011]).
Here, the record supports the Support Magistrate’s determination that the father did not testify credibly regarding the reasons and circumstances surrounding his departure from his former employment. Further, contrary to the father’s contention, he failed to adduce sufficient credible evidence to satisfy his burden of establishing that he lost his employment through no fault of his own and that he diligently sought re-employment commensurate with his earning capacity (see Matter of Atabay v Cinar, 96 AD3d at 833; Matter of Riendeau v Riendeau, 95 AD3d at 892). Thus, the Family Court properly denied the father’s objections to the Support Magistrate’s finding that the father was not entitled to a downward modification of his child support obligation.
The father’s remaining contentions are either not properly before this Court or without merit. Eng, P.J., Angiolillo, Sgroi and Hinds-Radix, JJ., concur.