■ In the Matter of URIC STRAKER, Respondent, v DEBRA MAYNARD-STRAKER, Appellant. [21 NYS3d 288]—

Appeal from an order of the Family Court, Kings County (Ann Elizabeth O'Shea, J.), dated June 26, 2014. The order denied the mother's objections to an order of that court (Elizabeth Shamahs, S.M.) dated May 5, 2014, which, after a hearing, granted the father's petition for a downward modification of his child support obligation.

Ordered that the order dated June 26, 2014, is reversed, on

the law, without costs or disbursements, the mother's objections to the order dated May 5, 2014, are granted, the order dated May 5, 2014, is vacated, and the father's petition for a downward modification of his child support obligation is denied.

The father's child support obligation was set forth in a stipulation of settlement executed on November 4, 2009, which was incorporated but not merged into the parties' judgment of divorce. Since the parties' stipulation of settlement was executed prior to the effective date of the 2010 amendments to Family Court Act § 451 (*see* L 2010, ch 182, § 13), in order to establish his entitlement to a downward modification of his child support obligation, the father had the burden of establishing a substantial and unanticipated change in circumstances (*see* former Family Ct Act § 451 [2] [a]; *Merl v Merl*, 67 NY2d 359 [1986]; *Kaplan v Kaplan*, 130 AD3d 576, 578 [2015]; *Matter of Suchan v Eagar*, 121 AD3d 910, 910 [2014]; *Matter of Corbisiero v Corbisiero*, 112 AD3d 625, 626 [2013]). "Where the change in circumstances is the loss of employment, a party seeking a downward modification must make a good-faith effort at seeking re-employment commensurate with his or her qualifications and experience" (*Matter of Davis v Davis*, 13 AD3d 623, 624 [2004]; *see Matter of Dimaio v Dimaio*, 111 AD3d 933, 934 [2013]; *Matter of Yepes v Fichera*, 230 AD2d 803, 804 [1996]). Where a party loses his or her job due to an illness or injury, "the party has the same obligation to find some other type of employment, unless that party can demonstrate that he or she is unable to perform other work" (*Matter of Davis v Davis*, 13 AD3d at 624; *see Matter of Karagiannis v Karagiannis*, 73 AD3d 1064, 1065 [2010]).

"In reviewing a determination of the Family Court, deference should be given to the credibility determinations of the Support Magistrate, who was in the best position to evaluate the credibility of the witnesses" (*Matter of DaVolio v DaVolio*, 101 AD3d 1120, 1121 [2012]; *see Matter of Suyunov v Tarashchansky*, 98 AD3d 744, 745 [2012]; *Matter of Malbin v Martz*, 88 AD3d 715, 717 [2011]).

Here, although the father testified that he had a problem with his eyes that precluded him from maintaining employment in his field of installing drywall, he failed to submit competent medical proof of his alleged eye condition or that it rendered him unable to install drywall or perform some other type of work (*see Matter of Pepe v Pepe*, 128 AD3d 831, 834 [2015]; *Matter of Monroe v Jordan-Monroe*, 103 AD3d 803 [2013]; *Matter of Gray v Gray*, 52 AD3d 1287, 1288 [2008]; *Matter of Greene v Holmes*, 31 AD3d 760, 762 [2006]; *Matter of*

*Davis v Davis,* 13 AD3d at 624). Furthermore, the father presented no evidence that he made a good faith effort to obtain some other type of employment (*see Matter of Davis v Davis,* 13 AD3d at 624). Accordingly, the Family Court should have denied his petition for a downward modification of his child support obligation.

In light of the foregoing, we need not reach the mother's remaining contention. Rivera, J.P., Dickerson, Miller and Maltese, JJ., concur.