■ In the Matter of EDWIN LORENZO, JR., Appellant, v LYNDA A. LORENZO, Respondent. [48 NYS3d 677]—

Appeals by the father from (1) an order of the Family Court, Suffolk County (Isabel E. Buse, S.M.), dated September 25, 2015, and (2) an order of that court (Bernard Cheng, J.) dated December 22, 2015. The order dated September 25, 2015, after a hearing, denied the father's petition for a downward modification of his child support obligation. The order dated December 22, 2015, denied the father's objections to the order dated September 25, 2015.

Ordered that the appeal from the order dated September 25, 2015, is dismissed, as that order was superseded by the order dated December 22, 2015; and it is further,

Ordered that the order dated December 22, 2015, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the mother.

In 2006, the parties entered into a stipulation of settlement that provided that the mother would have residential custody of the parties' children and the father would pay child support in a specified amount each month. The stipulation of settlement was incorporated but not merged into a subsequent judgment of divorce. In February 2015, the father filed a petition for a downward modification of his child support obligation. After a hearing, the Support Magistrate denied the father's petition. Subsequently, the Family Court denied the father's objections to the Support Magistrate's determination.

"Since the parties' stipulation of settlement was executed prior to the effective date of the 2010 amendments to Family Court Act § 451 (see L 2010, ch 182, § 13), in order to establish his entitlement to a downward modification of his child support obligation, the father had the burden of establishing a substantial and unanticipated change in circumstances" (*Matter of Straker v Maynard-Straker*, 133 AD3d 865, 866 [2015]; *see Matter of Gadalinska v Ahmed*, 120 AD3d 1232, 1233 [2014]; *Kayemba v Kayemba*, 46 AD3d 994, 995 [2007]). " 'A parent's loss of employment may constitute a substantial and unanticipated change in circumstances justifying a downward modification of child support where the termination occurred through no fault of the parent and the parent has diligently sought re-employment commensurate with his or her earning capacity' " (*Matter of DaVolio v DaVolio*, 101 AD3d 1120, 1121 [2012], quoting *Matter of Riendeau v Riendeau*, 95 AD3d 891, 892 [2012]; *see Matter of Holmes v Holmes*, 140 AD3d 1066, 1067-1068 [2016]). " 'In reviewing a determination of the Family Court, deference should be given to the credibility determina-

tions of the Support Magistrate, who was in the best position to evaluate the credibility of the witnesses' " (*Matter of Straker v Maynard-Straker*, 133 AD3d at 866, quoting *Matter of DaVolio v DaVolio*, 101 AD3d at 1121).

Here, the Support Magistrate's determination that the father failed to establish that his loss of employment was involuntary and through no fault of his own is supported by the record (*see Matter of Vasquez v Powell*, 111 AD3d 754, 754 [2013]; *Matter of DaVolio v DaVolio*, 101 AD3d at 1121; *cf. Matter of Holmes v Holmes*, 140 AD3d at 1068). Thus, the Family Court properly denied the father's objections to the Support Magistrate's determination that he was not entitled to a downward modification of his child support obligation (*see Matter of Ippoliti v Ippoliti*, 134 AD3d 844, 845 [2015]; *Matter of Austein-Gillman v Gillman*, 292 AD2d 524 [2002]). Chambers, J.P., Austin, Hinds-Radix and Barros, JJ., concur.