Matter of Muenichsdorfer v Biagiotti (2020 NY Slip Op 00278)





Matter of Muenichsdorfer v Biagiotti


2020 NY Slip Op 00278


Decided on January 15, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 15, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2019-04536
 (Docket Nos. F-2874-17/17A, F-2874-17/18B, F-2874-17/18C, F-1173-18)

[*1]In the Matter of Lisa Muenichsdorfer, respondent-appellant,
v
Peter Biagiotti, appellant-respondent. (Proceeding No. 1.)
In the Matter of Peter Biagiotti, appellant-respondent,
v
Lisa Muenichsdorfer, respondent-appellant. (Proceeding No. 2.)


Kaminer, Kouzi & Associates LLP, New York, NY (Jennifer Kouzi of counsel), for appellant-respondent.
Larkin, Ingrassia & Tepermayster, LLP, Newburgh, NY (William J. Larkin III of counsel), for respondent-appellant.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 4, the father appeals, and the mother cross-appeals, from an order of the Family Court, Orange County (Lori Currier Woods, J.), entered March 27, 2019. The order entered March 27, 2019, insofar as appealed from, denied the father's objections to stated portions of findings of fact of the same court (Barbara O. Afriyie, S.M.), entered December 17, 2018, and an order of the same court (Barbara O. Afriyie, S.M.), also entered December 17, 2018, which, after a hearing, inter alia, granted those branches of the mother's petition which were for a recalculation of the father's child support obligation, for an award of child support arrears, and for an award of the mother's unpaid share of the father's employment bonuses in the sum of $18,006. The order entered March 27, 2019, insofar as cross-appealed from, denied the mother's objections to stated portions of the order entered December 17, 2018, which, after a hearing, and upon the findings of fact, inter alia, granted that branch of the father's petition which was to direct the mother to pay to the father the sum of $11,374 for certain add-on expenses.
ORDERED that the order entered March 27, 2019, is modified, on the law and the facts, (1) by deleting the provision thereof denying the father's objections to so much of the order entered December 17, 2018, as granted those branches of the mother's petition which were for a recalculation of his child support obligation and for an award of child support arrears, and substituting therefor a provision granting those objections, vacating those portions of the order entered December 17, 2018, and denying those branches of the mother's petition, and (2) by deleting the provision thereof denying the father's objection to so much of the order entered December 17, 2018, as granted that branch of the mother's petition which was for an award of her unpaid share of the father's employment bonuses in the sum of $18,006, and substituting therefor a provision granting the father's objection and reducing the award from the sum of $18,006 to the sum of $14,006; as so modified, the order entered March 27, 2019, is affirmed insofar as appealed and cross-[*2]appealed from, without costs or disbursements.
The parties were divorced by judgment entered September 14, 2009, which incorporated but did not merge the terms of a separation agreement entered into by the parties (hereinafter the agreement). The agreement resolved, inter alia, the issues of custody of the parties' two children, child support, and spousal maintenance. The agreement, among other things, requires the father to pay to the mother child support in the sum of $1,000 per month, with a 2.5% annual cost-of-living adjustment. The father is obligated to pay maintenance to the mother in the sum of $1,167 per month until November 30, 2022. The mother also is entitled to 50% of any employment bonus that the father receives until November 30, 2022. The parties agreed to share equally in the costs of the children's extracurricular and school-related activities (hereinafter the add-on expenses). They also agreed that, after the initial three-year period of child support, they would review their financial support arrangement at least bi-annually, and upon any significant change in their circumstances, to determine whether it continues to reflect the needs determined by their parenting plan. They further agreed to meet to determine a new child support level on or about May 1, 2020, and upon a reduction in maintenance payments.
In July 2017, the mother filed a petition seeking an upward modification of the father's child support obligation and requiring the father to comply with the provision of the agreement requiring him to provide to the mother 50% of any employment bonus he received; the mother contended that a severance package that had been paid to the father upon his separation from employment also should be deemed an employment bonus. In March 2018, the father filed a petition for an award of child support, a second petition for a downward modification of his child support obligation, and a third petition seeking to enforce the provision of the parties' agreement which required the mother to pay 50% of the children's add-on expenses. At a hearing held on the parties' petitions, the father acknowledged that he owed the mother the sum of $14,006, representing her share of employment bonuses he had received but had not paid to her.
After the hearing, in an order entered December 17, 2018 (hereinafter the December 2018 order), upon findings of fact also entered December 17, 2018, a Support Magistrate, insofar as relevant here, (1) dismissed the father's first and second petitions, (2) granted the father's third petition, directing the mother to pay the sum of $11,374 representing her share of certain add-on expenses, (3) granted those branches of the mother's petition which were for a recalculation of the father's child support obligation and for an award of child support arrears, and for an award in the sum of $18,006, representing the mother's unpaid share of the father's employment bonuses, and (4) denied that branch of the mother's petition seeking one half of the father's severance pay as an employment bonus.
The father filed written objections to findings of fact entered December 17, 2018, and to the December 2018 order, and the mother filed written objections to the December 2018 order. In an order entered March 27, 2019, the Family Court denied the parties' respective objections. The father appeals and the mother cross-appeals. We modify.
We agree with the Family Court's determination denying the father's objections to the dismissal of his petitions seeking child support. The parties executed the agreement prior to the effective date of the 2010 amendments to Family Court Act § 451 (see L 2010, ch 182, § 13). Thus, in order to be entitled to modification of the child support provisions of the agreement, the father had the burden of establishing an unreasonable and unanticipated change of circumstances since the time he entered into the agreement. He failed to satisfy this burden.
The father's contention that he is entitled to child support because the parties' son began living primarily with him in October 2017 is without merit. Since the parties' agreement sets forth a liberal living arrangement for the parties' children, the father failed to establish that the son living "primarily" with him constitutes an unreasonable or unanticipated event (see J.A.H. v E.G.M., 171 AD3d 710, 712-713; DelGaudio v DelGaudio, 126 AD3d 848).
We also agree with the Family Court's denial of the mother's objection to the determination that the father's severance pay is not an employment bonus. The Support Magistrate credited the testimony of the father's former employer that the severance pay was not a bonus (see Matter of Poulos v Chachere, 163 AD3d 679, 680; Matter of Lorenzo v Lorenzo, 146 AD3d 959, 959-960). The mother submitted no evidence to refute such contention. Moreover, the parties' agreement does not provide that severance pay constitutes a bonus to which the mother is entitled.
We also agree with the Family Court's determination denying the mother's objection to so much of the December 2018 order as directed her to pay the sum of $11,374 for certain add-on expenses of the children. Pursuant to the parties' agreement, the mother was obligated to pay one half of the cost of the children's extracurricular and school-related activities (see Matter of Yuen v Sindhwani, 137 AD3d 1155, 1156-1157).
We disagree, however, with the Family Court's denial of the father's objection to so much of the December 2018 order as awarded the mother the sum of $18,006, representing her unpaid share of the father's employment bonuses. Although the father conceded that he failed to pay the mother her share of the bonuses he received, the record contains no evidence of the total amount of the bonuses received by the father other than the father's admission that he owes the mother the sum of $14,006 as her share of such bonuses. Therefore, the Family Court's award of $18,006 to the mother as her unpaid share of the bonuses must be reduced to $14,006 as her unpaid share of the father's employment bonuses.
The Family Court also should have granted the father's objections to that portion of the December 2018 order which recalculated the father's support obligation and awarded child support arrears to the mother. The parties' agreement provides that the parties will periodically review their financial support arrangement, but does not provide for automatic biennial increases of the father's child support obligation. Absent a determination that the parties' financial support arrangement no longer reflects the needs determined by their parenting plan, no recalculation of the father's child support obligation is required under the terms of the agreement until on or about May 1, 2020, and upon a reduction in maintenance payments. The mother did not establish a significant change in circumstances, an increased need of the parties' children, or that the parties' financial support arrangement no longer reflected the needs determined by their parenting plan. Moreover, the mother failed to establish that the provision of the parties' agreement which requires them to meet to determine a new child support level had been triggered. Additionally, the mother conceded that the father had paid the cost-of-living adjustment, including retroactively (see generally Matter of Paccione v Paccione, 57 AD3d 900, 902-903). Accordingly, we vacate those portions of the December 2018 order which increased the father's child support obligation and awarded the mother child support arrears, and the father's child support obligation to the mother continues to be governed by the parties' agreement.
The parties' remaining contentions either need not be reached in light of our determination, are without merit, or are not properly before this Court.
DILLON, J.P., COHEN, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court