Matter of Cutaia v Cutaia (2025 NY Slip Op 04568)

Matter of Cutaia v Cutaia

2025 NY Slip Op 04568

Decided on August 6, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 6, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
CARL J. LANDICINO
PHILLIP HOM, JJ.

2024-08245
 (Docket No. F-3621-23/23A)

[*1]In the Matter of Joseph Cutaia, respondent,
v
Keila S. Cutaia, appellant.

Keila S. Lopes, named herein as Keila S. Cutaia, Hopewell Junction, NY, appellant pro se.
Jeffrey Galperin, Mount Vernon, NY, for respondent.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the mother appeals from an order of the Family Court, Dutchess County (Joseph A. Egitto, J.), dated May 7, 2024. The order, insofar as appealed from, denied the mother's objections to so much of an order of the same court (Jeanne M. Patsalos, S.M.) dated February 14, 2024, as, after a hearing, and upon findings of fact, also dated February 14, 2024, granted the father's petition for a downward modification of his child support obligation as set forth in an order of the same court (Rosa Cabanillas-Thompson, S.M.) dated March 1, 2022.
ORDERED that the order dated May 7, 2024, is reversed insofar as appealed from, on the law, without costs or disbursements, the mother's objections to so much of the order dated February 14, 2024, as granted the father's petition for a downward modification of his child support obligation are granted, that portion of the order dated February 14, 2024, is vacated, the father's petition for a downward modification of his child support obligation is denied, and the child support obligation set forth in the order dated March 1, 2022, is reinstated.
The parties were divorced by a judgment dated August 3, 2017. The judgment of divorce incorporated but did not merge the terms of the parties' stipulation of settlement dated May 6, 2017. The stipulation of settlement incorporated a prior order of support for the parties' two children, which directed the father to pay child support in the sum of $989 biweekly and 77% of unreimbursed medical expenses. In March 2022, that order was modified and the father was directed to pay child support in the sum of $936 biweekly and 64% of unreimbursed medical expenses (hereinafter the March 2022 order).
In May 2023, the father filed a petition for a downward modification of the March 2022 order regarding his child support obligation on the ground that since the entry of the judgment of divorce there had been a substantial change in circumstances, in that he had been approved for disability retirement by the Village of Scarsdale where he had worked as an assistant sanitation foreman.
After a hearing, in an order dated February 14, 2024, upon findings of fact, also dated [*2]February 14, 2024, the Support Magistrate, among other things, granted the father's petition for a downward modification of his child support obligation and directed the father to pay child support in the sum of $779 per month and 40% of unreimbursed health-related expenses. The mother filed objections. In an order dated May 7, 2024, the Family Court, inter alia, denied the mother's objections to so much of the Support Magistrate's order as granted the father's petition for a downward modification of his child support obligation. The mother appeals.
A parent seeking a downward modification of a child support obligation must submit competent proof that a termination of employment occurred through no fault of that parent and that the parent has diligently sought re-employment commensurate with his or her earning capacity (see Matter of Rolko v Intini, 128 AD3d 705, 706).
Here, although the father presented evidence of his disability and that he was granted a disability pension from his employment with the Village of Scarsdale, he failed to present evidence that he made a good-faith effort to obtain some other type of employment commensurate with his disability or that he was entirely unable to work (see Matter of Straker v Maynard-Straker, 133 AD3d 865, 866).
Accordingly, the Family Court should have granted the mother's objections to so much of the Support Magistrate's order as granted the father's petition for a downward modification of his child support obligation (see Matter of Marrale v Marrale, 44 AD3d 773, 775).
The parties' remaining contentions either need not be reached in light of this determination or are not properly before this Court.
DUFFY, J.P., MILLER, LANDICINO and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court